## CRATTY v. UNITED STATES.
### Cr. 4493.

United States District Court,
S. D. Ohio, E. D.
March 17, 1949.

William P. Moloney, of Marion, Ohio, and Robert T. Murphy, of Washington, D. C., for petitioner.

Ray J. O'Donnell, U. S. Dist. Atty., of Columbus, Ohio, for defendant.

NEVIN, Chief Judge.

On July 31, 1948, Loy A. Cratty, petitioner herein, filed his "Petition for Issuance of Certificate Pursuant to Title 18 U. S.C., Sections 729–730." In it he prays "that a certificate be issued to him pursuant to the provisions of Section 730 of Title 18 of the United States Code, which certificate shall contain recitals or findings as required by the aforesaid section."

On September 29, 1948, defendant, United States of America, filed objections to the issuance of the certificate prayed for. De-fendant objects upon the following grounds among others: "(1) The plaintiff is not an innocent victim of a miscarriage of justice: A jury found him guilty upon sufficient evidence: (2) It does not appear from the allegations of the petition or from the judgment of reversal of the Circuit Court of Appeals or from the order of the District Court thereon: (a) That claimant did not commit any of the acts with which he was charged; (b) That claimant's conduct in connection with such charges did not constitute a crime or offense against the United States or any State, territory, or possession of the United States or the District of Columbia; * * * (3) That in the circumstances, the plaintiff is not one whom the statute was intended to benefit."

The cause is now before the court, therefore, on the petition of Loy A. Cratty, for a Certificate of Innocence under the provisions of the sections referred to, and the objections thereto of the United States, defendant herein.

Incidentally, it should be noted that Sections 729–730, Title 18 U.S.C.A., under favor of which the petition was filed, were repealed by the Act of June 25, 1948. They appear now as Section 2513, Title 28 U.S.C.A. See also Section 1495, Title 28 U.S.C.A.

■ The effective date of the sections, in Title 28 U.S.C.A., just referred to was not, however, until September 1, 1948. Inasmuch as the petition in the instant proceedings was filed on July 31, 1948, the court, in deciding this case, has considered it upon the basis that Sections 729–730 are applicable here and insofar as this case is concerned, has treated them as if they were, at this time (as they were when the petition was filed) in full force and effect.

Those sections, insofar as they are of interest here, read as follows: "Sec. 729. Erroneous conviction; authorization of suit against United States.

"Any person who, having been convicted of any crime or offense against the United States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal * * * be found not guilty of the crime of which he was convicted * * * if it shall appear that such person did not

commit any of the acts with which he was charged or that his conduct in connection with such charge did not constitute a crime or offense against the United States * * * may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment. May 24, 1938, c. 266, § 1, 52 Stat. 438."

"Sec. 730. Same; certificate of innocence; admissibility; contents.

"The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty * * * and such certificate of the court * * * shall contain recitals or findings that—(a) Claimant did not commit any of the acts with which he was charged; or (b) that his conduct in connection with such charge did not constitute a crime or offense against the United States * * *."

The petitioner was one of thirty-three defendants convicted in the United States District Court for the Southern District of Ohio (at Columbus).

Petitioner (along with the other defendants) was indicted on November 28, 1940. There were 10 counts in the indictment. The first count charged all of the defendants with conspiracy to violate the Mail Fraud statutes. 18 U.S.C.A. §§ 1341, 1342. The remaining nine counts charged the use of the mails to defraud. The trial lasted approximately seven months.

As to the petitioner, Cratty, the jury returned a verdict acquitting him of the Conspiracy count and of eight counts violating the Mail Fraud statute. He was convicted on one count charging violation of the Mail Fraud statute.

Petitioner was sentenced to a year and a day and was incarcerated in a Federal Penitentiary, where he served his sentence until paroled.

Petitioner, along with others of the defendants, perfected an appeal. On October 14, 1943, the United States Circuit Court of Appeals (for the Sixth Circuit) rendered its decision, Blue et al. v. U. S., 138 F.2d 351, 363, stating in the last paragraph thereof "in accordance with the foregoing, the convictions of appellants Secord, Rucker, Stott, Cratty and Willey are reversed. As to all the other appellants, the judgment is affirmed."

Following its decision, the Court of Appeals issued its mandate, in which it is recited that "it is hereby ordered that the District Court be directed to enter judgment of acquittal of the above-named appellants and order their discharge."

Pursuant to, and in conformity with the mandate of the Court of Appeals, this (District) court did, on August 16, 1944, enter an order wherein it is recited that it is "Ordered, Adjudged and Decreed that the defendants C. O. Willey, L. A. Cratty, Wm. L. Rucker, Paul Secord, and G. F. Stott, are entitled to a judgment of acquittal and said judgment is hereby entered and the said defendants are hereby discharged and their bonds released and their sureties discharged."

In his reply brief, plaintiff states: "We submit, therefore, that the obvious purpose of these statutes is to provide protection for innocent citizens who are wrongfully convicted and who are compelled to serve sentence or a part thereof in a penal institution, when they have committed no crime as determined by orderly judicial processes."

With this assertion on the part of petitioner, defendant is in substantial accord, as is evidenced by the statement in its brief that "it is the contention of the Government that the legislation was passed to indemnify innocent persons who had been unjustly punished."

In his brief, petitioner further asserts that "the reviewing court found that he (petitioner herein) had not committed any crime in respect to the one count on which he was convicted." This assertion is challenged by the Government. As to this, defendant in its brief, says: "The Court of Appeals by its decision did not disturb the judgment of the District Court on the question of the existence of a scheme to use the mails to defraud. The only question on which the Court of Appeals sustained the petitioner was on his contention that as to him prosecution was barred by the Statute of Limitations."

A careful reading of the pertinent parts of the decision of the Court of Appeals and

its subsequent mandate (in the Blue case, supra, upon which petitioner herein relies) convinces this court that the Court of Appeals did not find and did not intend to be understood as having found that petitioner herein, as now asserted by him "had not committed any crime in respect to the one count on which he was convicted."

On the contrary, a study of that decision conclusively shows that all that the Court of Appeals did, or intended to do, was to hold (as now contended by the Government) that as to petitioner, the prosecution was barred by the Statute of Limitations.

Those portions of the decision (in the Blue case) which are here applicable read as follows: "Appellants Stott, Rucker, Cratty, and Willey were convicted of violation of the Mail Fraud Statute, but acquitted on the conspiracy charge. Rucker resigned from *the venture* by letter in March, 1936, and thereafter had no connection with the *project*. The testimony disclosed that Stott was not connected in any way *with the scheme* after April, 1935; Cratty, *after* July 9, 1936; Willey, after January, 1937. They were convicted on a count setting forth that, *in furtherance of the fraudulent scheme,* they mailed or caused to be mailed a letter, dated December 31, 1937. They were absolved from all other activity *and connection with the scheme* within the three-year period of limitations. * * * We must, therefore, conclude that the evidence does not implicate such appellants *at the time when the letter, laid in the count on which they were convicted,* was posted. * * * In the instant case, the evidence *did not implicate appellants in the scheme, at the time when the letter,* set forth in the count on which *they were convicted,* was posted. * * * In accordance with the foregoing, the convictions of appellants Secord, Rucker, Stott, Cratty, and Willey are reversed." (Italics ours.)

As stated by defendant in its brief, the foregoing excerpts from the decision of the Court of Appeals (and these are all that are here pertinent) show plainly that "When the Court (of Appeals) refers to 'the venture' or 'the project' or the 'scheme' it, of course, is referring to the scheme to defraud. The only logical conclusion is that the Court did find that Cratty was a participant in the scheme to defraud, but that his last act in connection with the scheme was committed on July 9, 1936, and inasmuch as the indictment was not returned within the period of three years from that date, prosecution as to him is barred."

A very complete and thorough discussion of Sections 729 and 730, Title 18 U.S.C.A., here under consideration, and their proper application is set forth in a most interesting and enlightening decision by Judge Barksdale, sitting by designation in the Southern District of New York, in the case of United States v. Keegan et al., 71 F.Supp. 623. The discussion and principles of law involved in the Keegan case are applicable here.

In the Keegan case, Judge Barksdale held (and with this ruling this court agrees) that 71 F.Supp. at page 636, "in the present law discretion in the matter of granting a certificate is vested in the court; and in the sense that the court should not grant such certificate unless it is satisfied of petitioner's innocence, the burden is on the petitioner. Unless the law contemplated the exercise of discretion on the part of the court, there would be no point in requiring the certificate of the court. If no discretion were contemplated, and only a ministerial act was required, the clerk could certify the final finding of not guilty, just as well as the court. * * * It would seem to me obvious that the burden is on the petitioner, at least to the extent that the court should not grant the certificate unless it is satisfied from the record before it that petitioner is altogether innocent."

From a consideration of the record before it, this court cannot say that petitioner has sustained the burden which rests upon him, nor can the court say, nor does it find that "it is satisfied from the record before it that petitioner is altogether innocent."

It is true that in the order entered by this (District) court on August 16, 1944, it was adjudged and decreed that petitioner herein was "entitled to a judgment of acquittal" and that such a judgment was entered, but this "judgment of acquittal" was based solely and entirely upon the finding and decision of the Court of

900

Appeals that as to petitioner herein the prosecution was barred by the Statute of Limitations. The "judgment of acquittal" rested upon the effectiveness of the Statute of Limitations and upon that alone.

In the Keegan case, the court reached the following conclusion, 71 F.Supp. at page 640, "From the foregoing, it follows that an order will be entered denying petitioner's application for a certificate of innocence. I am satisfied that the facts and circumstances here presented do not make out such a case as Congress meant to include within the humane provisions of the statute here under consideration."

In the instant case the court, in the exercise of what it believes to be a sound judicial discretion, has arrived at the same conclusion and holds that the certificate herein prayed for should not be granted because the court is satisfied that the facts and circumstances here presented do not make out such a case as Congress meant to include within the humane provisions of the Statute here under consideration.

The prayer of petitioner's petition is denied and the cause dismissed at petitioner's costs.

Counsel may prepare and submit an order accordingly.