## RIGSBEE v. UNITED STATES.

### No. 11449.

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1953.

Decided April 30, 1953.

------◆------

Mr. James J. Laughlin, Washington, D. D., with whom Mr. Albert J. Ahern, Jr., Washington, D. C., was on the brief, for appellant.

Mr. William B. Bryant, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., at the time of argument, John D. Lane and William R. Glendon, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

James A. Rigsbee was convicted of murdering one man and assaulting another with a deadly weapon and was imprisoned. On appeal, when the government confessed error, this court reversed because the jury's verdict apparently had not been unanimous, and remanded. At the second trial, the jury

found Rigsbee not guilty under both counts of the indictment. He then decided to take advantage of 28 U.S.C. § 1495, which reads:

"The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."

In order to proceed under that section of the Code, Rigsbee had to meet the requirements of 28 U.S.C. § 2513, the pertinent part of which is this:

"(a) Any person suing under section 1495 of this title must allege and prove that:

"(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

"(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

"(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received."

Accordingly he presented to the judge who presided at his second trial a "certificate of innocence" and requested him to sign it. The document contained a brief recital of the conviction, its reversal, and his subsequent acquittal, and concluded thus:

"* * * [I]t is hereby

"ADJUDGED AND CERTIFIED that the said James A. Rigsbee did not commit any of the acts with which he was charged in the aforesaid indictment."

The trial judge disposed of the matter by entering the following order:

"Upon consideration of the defendant's oral application for a certificate of innocence, the points and authorities in support of and in opposition to the oral application, oral argument, and the Court finding as a fact that defendant's admitted acts in connection with the charge constituted offenses against the United States and the District of Columbia, it is, this 22nd day of April, 1952,

"ADJUDGED, ORDERED and DECREED that the oral application for a certificate of innocence be and the same is hereby denied."

Appealing from that order, Rigsbee says the jury's verdict at the second trial finding him not guilty absolved him of all guilt, and he was thereupon entitled to a certificate of innocence as a matter of law. The trial judge therefore committed reversible error, he argues, in refusing to sign the certificate of innocence which he submitted. Appellant's argument would be valid if by the terms of § 2513 he were required to allege and to prove "by a certificate of the court * * * wherein such facts are alleged to appear" nothing more than that "on new trial * . * * he was found not guilty of such offense". Had the Congress intended to authorize suit for damages in the Court of Claims by one who had been convicted and imprisoned simply because, after reversal, he was found not guilty at a second trial, it could easily have done so by providing that the only condition precedent to recovery in the Court of Claims should be a certificate from the trial court showing conviction, imprisonment, reversal and acquittal at the second trial.[1]

---

1. In United States v. Keegan, D.C.S.D.N. Y. 1947, 71 F.Supp. 623, 635, Judge Barksdale said:
"From the above [the legislative history of 18 U.S.C. §§ 729 and 730, replaced by the Code sections now being

considered], it will clearly appear that Congress never intended that every imprisoned person whose conviction had been set aside, should be indemnified by the Government."

In § 2513 the legislators required more than that. Not only must the plaintiff show in the Court of Claims that he was acquitted; he must also show that the trial judge thought he did not commit the acts charged or that, if he did, his acts were justifiable and so not criminal. Thus, in effect, the statute requires that an expert thirteenth juror concur in the verdict of not guilty.

 Perhaps the Congress had in mind, when it thus required something more than a jury's verdict of not guilty as a basis for damages, the possibility that juries might at times acquit through whim, caprice, passion, or prejudice, and did not wish to permit suit against the government based solely on such verdicts. Whatever its motive, the legislative body required a plaintiff under § 1495 to allege and prove, not only his acquittal by the twelve laymen of the jury, but also that the judge himself was convinced of his innocence. So to provide was within legislative competence, since waiver of sovereign immunity from suit is a matter of grace which the Congress may condition as it chooses.

The statute also requires, as a prerequisite to recovery of damages, that the claimant furnish a certificate of the judge's opinion that "he did not by misconduct or neglect cause or bring about his own prosecution." This is a question which is not submitted to the jury and about which its verdict of not guilty does not indicate an opinion.

 We must reject, therefore, the appellant's contention that a verdict of not guilty at his second trial made it mandatory, as a matter of law, that the trial judge execute a certificate of innocence under § 2513. Whether to issue such a certificate is committed to the discretion of the presiding judge.[2] Where, as here, he has exercised that discretion, we cannot require him to stultify himself by certifying an opinion contrary to his real conviction—no matter what our own view might be—except, perhaps, in a case in which the refusal to certify innocence was completely capricious and without rational basis.

 In this case, the appellant admitted doing the physical acts upon which the charges were based, and the question was whether he was legally justified in so doing. Although the jury apparently thought the acts were justified, the judge did not agree. There was no showing that he acted arbitrarily. Assuming that we have power

The Keegan opinion contains an exhaustive and instructive analysis of the statute's background. Writing in Weiss v. United States, D.C.S.D.N.Y. 1951, 95 F.Supp. 176, 179, a case similar to Keegan which arose under the new statute, 28 U.S.C. §§ 1495 and 2513, Judge Barksdale said he found "no reason to question any of the conclusions stated in the Keegan opinion."

2. On this subject, Judge Barksdale said in the Keegan case, 71 F.Supp. at pages 635-636:

"* * * Although there is no specific provision in the statute as finally enacted, providing that the granting of a certificate of innocence should be in the discretion of the court, nor any specific provision that the burden of establishing his innocence should be upon the petitioner, yet both the legislative history of the law and the language of Sections 729 and 730 lead me to the conclusion that in the present law discretion in the matter of granting a certificate is vested in the court; and in the sense that the court should not grant such certificate unless it is satisfied of petitioner's innocence, the burden is on the petitioner. Unless the law contemplated the exercise of discretion on the part of the court, there would be no point in requiring the certificate of the court. If no discretion were contemplated, and only a ministerial act was required, the clerk could certify the final finding of not guilty, just as well as the court."

Although this was said with reference to the repealed statute, it seems equally applicable to §§ 1495 and 2513, which replaced it.

Cf. United States v. Brunner, 6 Cir., 1952, 200 F.2d 276; Cratty v. United States, D.C.S.D.Ohio 1949, 83 F.Supp. 897.

to set aside a trial judge's refusal to certify innocence,—about which there is some room for doubt [3]—it can only be when the refusal is plainly erroneous. In this case, we do not think it was.

Affirmed.

3. As we have said, whether to issue a certificate of innocence is left to the discretion of the trial judge. The statute calls for his opinion on a factual matter, and does not in terms afford appellate review. Whether his expression of opinion is a final order of the District Court, open to appeal for that reason, might well be questioned. It could be said that, strictly speaking, the refusal to certify innocence is not an order of the District Court but a mere expression of the judge's personal conviction which Congress called upon him to give. On the other hand, were there no appeal, a wholly arbitrary refusal could unjustly prevent the assertion of a meritorious claim. Legislative clarification of the statute seems desirable.