# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 22, 2010  Decided May 18, 2010

No. 09-5177

MICHAEL A. DIAMEN, ALSO KNOWN AS
SALVATORE INFANTOLINO,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 00-cv-3045-RMC)

*Patrick Michael Regan* argued the cause for the appellant. *Paul J. Cornoni* and *John K. Zwerling* were on brief. *Andrew B. Weissman* made an appearance.

*Mary B. McCord*, Assistant United States Attorney, argued the cause for the appellee. *Roy W. McLeese III* and *Carolyn K. Kolben*, Assistant United States Attorneys, were on brief.

Before: HENDERSON, GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LeCRAFT HENDERSON, *Circuit Judge*: Salvatore Infantolino a/k/a Michael A. Diamen served twenty years in prison on a 1976 murder conviction. Diamen and two co-defendants—Joseph Wayne Eastridge and Joseph N. Sousa—sought habeas corpus relief in the district court on the ground they had been wrongly convicted. The district court issued a writ for Eastridge and Sousa but not for Diamen who had died while the action was pending. Diamen's estate (Estate), along with Eastridge and Sousa, then moved for a "certificate of innocence" in order to pursue a damages claim in the Court of Federal Claims for unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495. The district court granted the motion as to Eastridge and Sousa but denied it as to Diamen because his conviction had not "been reversed or set aside," a prerequisite to obtaining a certificate of innocence under section 28 U.S.C. § 2513(a)(1). The Estate appealed. We affirm the district court's judgment.

**I.**

In 1976, Diamen, along with three other members of the "Pagans" gang— Eastridge, Sousa and Stephen C. Jones—was convicted in the District of Columbia Superior Court of the first degree murder while armed of Johnnie Battle in northwest Washington, D.C. Diamen, like Eastridge and Sousa, was sentenced to twenty years to life in prison. In December 2000, after unsuccessful appeals and motions for post-conviction relief in superior court, Diamen, Eastridge and Sousa petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2241. At the time, Eastridge was still incarcerated and Diamen and Sousa had been released on parole. Diamen was arrested again in August 2002, on a charge of possession of a firearm by a felon, and was again incarcerated. He died in prison in December 2002.

In May 2005, following an evidentiary hearing, the district court granted the habeas petition as to Eastridge and Sousa,

finding that (1) "[b]ased on the full record, no reasonable juror would now find Petitioners guilty beyond a reasonable doubt"[1] and (2) in addition to "their 'actual innocence' of the crime charged," the petitioners "c[ould] prove . . . violations of their constitutional rights at trial."[2] *Eastridge v. United States*, 372 F. Supp. 2d 26, 29 (D.D.C. 2005) (*Eastridge I*)*; see Schlup v. Delo*, 513 U.S. 298, 327 (1995) (habeas petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent") (internal quotation omitted). Regarding Diamen, the court noted that "[p]resumably, the same analysis would apply" but he had died during the proceeding and, "[a]s a result, the habeas record and briefs do not focus on him." *Eastridge I*, 372 F. Supp. 2d at 29 n.3. The court vacated Eastridge's and Sousa's convictions on July 15, 2005.

In April 2008, Eastridge, Sousa and the Estate moved for a certificate of innocence "in order to proceed with wrongful conviction claims before [t]he Court of Federal Claims pursuant to 28 U.S.C. §§ 1495; 2513." Mem. of Points and Authorities in Supp. of Pet'rs' Mot. for Certificate of Innocence at 1, *Eastridge v. United States*, C.A. No. 00-3045 (D.D.C. Apr. 17, 2008). In an opinion dated March 12, 2009, the district court concluded the petition should be granted as to Eastridge and Sousa because they had "demonstrated that they were actually innocent of the crimes for which they were convicted,"

---

[1]The court found that new evidence (including testimony recantation) showed that the petitioners were not involved in the murder itself but only picked up Jones, who had participated in the murder, after the fact. *See Eastridge v. United States*, 372 F. Supp. 2d 26, 55-56 (D.D.C. 2005) (*Eastridge I*).

[2]The constitutional violations involved their Sixth Amendment right to confront and cross-examine witnesses and their Fifth Amendment right to due process (for withholding exculpatory grand jury testimony). *Eastridge I*, 372 F. Supp. 2d at 57-60.

*Eastridge v. United States*, 602 F. Supp. 2d 66, 73 (D.D.C. 2009) (*Eastridge II*).  As to Diamen, however, the court agreed with the government's position that "it did not formally adjudicate Mr. Diamen's innocence and it cannot, therefore, issue a Certificate of Innocence to his Estate."  *Id*. at 68.

The Estate filed a timely notice of appeal on May 11, 2009.

## II.

We ordinarily review the district court's denial of a certificate of innocence for abuse of discretion. *Rigsbee v. United States*, 204 F.2d 70, 72 (D.C. Cir. 1953) ("Whether to issue such a certificate is committed to the discretion of the presiding judge."); *accord Betts v. United States*, 10 F.3d 1278 (7th Cir. 1993).  Here, however, because the court's interpretation of section 2513 presents a purely legal issue—whether section 2513 requires a conviction to have been set aside before a certificate of innocence may be granted—we review the interpretation de novo. *Cf. United States v. Hall*, 324 F.3d 720, 722 (D.C. Cir. 2003) (although court ordinarily reviews order granting new trial for abuse of discretion, "purely legal question" is reviewed de novo). Applying this standard, we conclude the district court did not err when it denied the Estate's motion for a certificate of innocence because it had not adjudicated Diamen's innocence in the habeas proceeding, 602 F. Supp. 2d at 68.

On its face, section 2513 requires that a "person suing under section 1495 . . .  must allege and prove" two "requisite facts . . . by a certificate of the court or pardon wherein such facts are alleged to appear," namely,  (1) that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction," 28 U.S.C. § 2513(a)(1); and

(2) that he "did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution," *id*. § 2513(a)(2). We addressed these prerequisites to certification in *Rigsbee*, *supra*.

The claimant in *Rigsbee* was convicted of murder and assault with a deadly weapon but on appeal was granted a new trial at which the jury acquitted him of both counts, thereby establishing the statute's first requisite fact. Based on the second verdict, the defendant applied to the district court for a certificate of innocence. The district court, however, denied the application based on its own "finding as a fact that defendant's admitted acts in connection with the charge constituted offenses against the United States and the District of Columbia," 204 F.2d at 71. On appeal, we concluded that in so finding, the district court did not abuse its discretion and we therefore upheld its denial of the application. *See id*. at 72 ("Where, as here, [the judge] has exercised [his] discretion, we cannot require him to stultify himself by certifying an opinion contrary to his real conviction—no matter what our own view might be—except, perhaps, in a case in which the refusal to certify innocence was completely capricious and without rational basis."). We made clear there that a certificate of innocence may issue only upon a finding that both of the statute's "requisite facts" exist; neither one by itself suffices. *See id*. ("Not only must the plaintiff show in the Court of Claims that he was acquitted; he must also show that the trial judge thought he did not commit the acts charged or that, if he did, his acts were justifiable and so not criminal.").

In this case, the court found that the first requisite fact was absent. Although the district judge observed in the habeas proceeding that "[p]resumably, the same analysis *would* apply" to Diamen as led her to set aside the convictions of Eastridge and Sousa, *Eastridge I*, 372 F. Supp. 2d at 29 n.3 (emphasis added),

she did not issue a habeas corpus writ setting aside Diamen's conviction. The judge was therefore unable in the subsequent section 2513 proceeding to certify the statute's first requisite fact—that Diamen's conviction "ha[d] been reversed or set aside"—for the simple reason that it had not been.[3] The Estate was therefore not entitled to a certificate of innocence, notwithstanding Diamen might well have obtained one himself were he still living.

The Estate argues that the district court "failed to recognize that it had the authority to reverse Appellant's conviction even though it lacked the authority to do so in the *habeas* proceeding" and, specifically, that it erred in "refus[ing] to set aside Appellant's conviction and adjudicate Appellant's innocence in a non-*habeas* context—that is, Appellant's Motion for Certificate of Innocence." Reply Br. 6. The Estate, however, identifies no source of jurisdiction to set aside a conviction in the section 2513 certification proceeding. Although the Estate claims the court has jurisdiction to do so in the course of the "investigation implicit in § 2513's requirements," Appellant's Opening Br. 20, section 2513(a)(1) on its face authorizes the court only to certify that the conviction already "*has been* reversed or set aside" (emphasis added), not to proceed to set it aside in the certification proceeding itself.

The Estate also argues it is unreasonable and unfair to deny Diamen's surviving family the relief under section 1495 to which Diamen himself might be entitled—but this is the effect of section 2513(a)(1)'s plain language. In fact, the statutory language generally contemplates a remedy personal to the individual wrongfully convicted rather than one available to his heirs suing on his behalf. *See* 28 U.S.C. § 2513(a)(1) ("*Any person suing under section 1495* of this title must allege and

---

[3]Because the court found the first fact absent, it did not make a finding as to the second.

prove that: (1) *His* conviction has been reversed or set aside . . . and (2) *He* did not commit any of the acts charged or *his* acts, deeds, or omissions . . . constituted no offense against the United States, or any State, Territory or the District of Columbia, and *he* did not by misconduct or neglect cause or bring about *his* own prosecution.") (emphasis added); *see also id.* § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages *by any person unjustly convicted* of an offense against the United States *and imprisoned*.") (emphasis added).  To so limit relief was "within legislative competence, since waiver of sovereign immunity from suit is a matter of grace which the Congress may condition as it chooses." *Rigsbee*, 204 F.2d at 72.

Because the district court correctly applied the statute as written, it did not err in denying the Estate's motion for a certificate of innocence.  Accordingly, we affirm the district court's judgment.

*So ordered*.