# District of Columbia
# Court of Appeals

**No. 15-CO-333**

LEVI M. RUFFIN,

Appellant,



FILED

APR **14** 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.                                         **CF3-10563-10**


UNITED STATES,

Appellee.


On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE: GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*; and FARRELL, *Senior Judge*.


**J U D G M E N T**

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the matter is remanded to direct the trial court to order the return of the appellant's money that he paid into the Violent Victims Act Fund ("VVC") as part of his sentence for his now-reversed convictions.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: April 14, 2016.

Opinion by Associate Judge Anna Blackburne-Rigsby.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CO-333

LEVI M. RUFFIN, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED **4/14/16**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CF3-10563-10)

(Hon. Michael L. Rankin, Trial Judge)

(Submitted January 28, 2016                    Decided April 14, 2016)

*Jeffrey L. Light* was on the brief, for appellant.

*Vincent H. Cohen, Jr.*, Acting United States Attorney at the time the brief was filed, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, and *Ryan M. Malone*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*, and FARRELL, *Senior Judge*.

BLACKBURNE-RIGSBY, *Associate Judge*:    We reversed appellant Levi Ruffin's convictions of misdemeanor assault on a police officer ("APO") and felony threats (directed at a police car) because of insufficient evidence. *See Ruffin*

*v. United States*, 76 A.3d 845, 847-48 (D.C. 2013) ("*Ruffin I*").[1]  Following our decision, Mr. Ruffin moved the trial court to seal his arrest records, *see* D.C. Code § 16-802 (2012 Repl.), issue a certificate of innocence, *see* D.C. Code § 2-422 (2012 Repl.) and 28 U.S.C. § 2513 (2004 Supp.), and return the $250 that he was required to pay into the Violent Victims Act Fund ("VVC Fund") for his now-reversed convictions.  The trial court granted the motion in part, sealing the arrest records of Mr. Ruffin's overturned convictions except for the burglary charge on which the jury had acquitted, *see supra* note 1, but denying his requests for a certificate of innocence and to return his $250.

On appeal, Mr. Ruffin primarily argues that the trial court erred in concluding that it lacked jurisdiction to issue a certificate of innocence and demands a remand.  He also renews his request for the return of the $250 that he

---

[1]  *See* D.C. Code § 22-405 (b) (2012 Repl.) and D.C. Code § 22-1810 (2012 Repl.), respectively.  We also reversed the trial court's decision to convict Mr. Ruffin of committing a burglary while on release following the jury verdict because Mr. Ruffin was, in fact, acquitted of first-degree burglary by the jury. *See Ruffin I*, *supra*, 76 A.3d at 859 n.19; *see also* D.C. Code § 23-1328 (a)(1) (2012 Repl.).  Remaining was Mr. Ruffin's felony threats (directed at a police officer) conviction, which he did not challenge on direct appeal. *Ruffin I*, *supra*, 76 A.3d at 852 n.10.

paid into the VVC Fund.[2]  While we agree with Mr. Ruffin that the trial court has

the authority to issue a certificate of innocence, we nonetheless affirm the trial

court's decision on the alternative ground that the existing record conclusively

shows that Mr. Ruffin was not entitled to such relief.  We conclude that Mr. Ruffin

is not entitled to a certificate of innocence under either D.C. Code § 2-422 or 28

U.S.C. § 2513 because he cannot demonstrate that he did not "by his misconduct,

cause or bring about his own prosecution." D.C. Code § 2-422.  However, we

agree that Mr. Ruffin is entitled to reimbursement from the VVC Fund, and we

remand for the trial court to order the return of Mr. Ruffin's money.[3]

---

[2]  Mr. Ruffin does not challenge the trial court's refusal to seal his arrest record for burglary.

[3]  We need only briefly explain why we agree with Mr. Ruffin's argument that the trial court erred in denying his request for reimbursement.  The trial court concluded that there is "no authority stating that Mr. Ruffin is entitled" to reimbursement from the VVC Fund.  However, "the trial court has not only the power but the duty — a duty enforceable by this court — to correct [an illegal sentence or fine] by imposing a valid and correct sentence (or [as the case may be] a valid assessment under the [VVC Fund])." *Gotay v. United States*, 805 A.2d 944, 947 n.8 (D.C. 2002); *see also Christopher v. United States*, 415 A.2d 803, 804 (D.C. 1980) ("[A]n illegal sentence is a nullity[.]").  Moreover, by statute, the Superior Court of the District of Columbia administers the VVC Fund.  *See* D.C. Code § 4-503 (a) (2012 Repl.).  Accordingly, the trial court may order the VVC Fund (presumably addressed to the Director of the VVC Fund as recommended by the government) to reimburse Mr. Ruffin.

## I.     Factual Background

The facts of this case are explained in greater detail in *Ruffin I*.  Essentially, on June 12, 2010, at approximately 5:00 a.m., the police responded to a 911 call about a possible burglary after a stranger was seen reaching his hand into the window of an apartment.  Arriving four minutes later, Officer Carlos Amaya observed Mr. Ruffin, who was by himself in the alley behind the apartment building, hop over a short retaining wall and suspiciously look over his shoulder towards a police car entering the alley from the opposite side.  Because Mr. Ruffin was so focused on the police car, he did not notice Officer Amaya and bumped into him.  When Officer Amaya placed his hand on Mr. Ruffin's shoulder, Mr. Ruffin instinctively brushed his hand away, which culminated in Mr. Ruffin's arrest for, *inter alia*, burglary and APO, and later felony threats (directed at a police car) for threatening to "kick the windows out" of the police car in which he was being transported.  The jury ultimately convicted Mr. Ruffin of APO (brushing Officer Amaya's hand off his shoulder) and felony threats (to kick the windows out of the police car), but it acquitted him of the first-degree burglary charge.

On direct appeal, we reversed Mr. Ruffin's APO and felony threats (directed

at a police car) convictions.[4] Specifically, we held that Mr. Ruffin's "ephemeral elbow jerk in response to a police officer reaching towards his shoulder did not amount to 'resisting' a police officer" as necessary for an APO conviction. *Ruffin I*, *supra*, 76 A.3d at 851. We also held that the felony threats statute did not criminalize threats directed against property owned by the District of Columbia government. *Id.* at 859.

Following our decision, Mr. Ruffin filed a motion for the trial court to seal his arrest records, issue him a certificate of innocence under D.C. Code § 2-422 and 28 U.S.C. § 2513, and return the $250 that he paid into the VVC Fund. Without waiting for a response from the government, the trial court granted the motion in part and denied it in part. With regard to the arrest records, the trial court concluded that Mr. Ruffin was entitled to have the arrest records for his overturned convictions sealed based on *Ruffin I*.[5] However, the trial court did not seal Mr. Ruffin's arrest record for burglary, even though the jury had acquitted him of that charge at trial. The court concluded that the fact that Mr. Ruffin was acquitted does not establish for purposes of sealing his arrest records that he is

---

[4] And commission of a burglary while on release. *See supra* note 1.

[5] Namely, APO, felony threats (directed at a police car), and commission of a burglary while on release.

entitled to relief. Rather, Mr. Ruffin as the moving party must establish by a preponderance of the evidence "either that the offense did not occur or that he did not commit the offense."[6] Mr. Ruffin could not meet his burden, the trial court concluded, because the evidence at trial "proved conclusively that someone did commit the crime of burglary," and that Mr. Ruffin was the only person in the alley behind the apartment building where the crime occurred within minutes of the 911 call, making it unlikely that Mr. Ruffin was actually innocent. With regard to Mr. Ruffin's other requests, the trial court concluded that Mr. Ruffin was not entitled to a certificate of innocence under the federal unjust imprisonment statute, 28 U.S.C. § 2513, because it is a federal statute and, therefore, inapplicable to the present case. The trial court did not address whether it had the authority to issue Mr. Ruffin a certificate of innocence under our local unjust imprisonment statute, D.C. Code § 2-422, which Mr. Ruffin had cited in his motion as well. The trial court also concluded that there is no authority entitling Mr. Ruffin to a return of the funds that he paid into the VVC Fund.[7] This appeal followed.

---

[6] *See* D.C. Code § 16-802 (b) (a person seeking to seal the records of an arrest must establish that "(1) The offense for which the person was arrested or charged did not occur; or (2) The movant did not commit the offense"); *id.* § 16-802 (c) (articulating the burden of proof as by a preponderance of the evidence).

[7] *See supra* note 3.

## II.    Discussion

Mr. Ruffin's principal argument on appeal is that, contrary to the trial court's decision, the Superior Court of the District of Columbia has jurisdiction to issue a certificate of innocence, and that he is therefore entitled to a remand on the merits of his claim. The government agrees with Mr. Ruffin that the trial court is statutorily authorized to issue a certificate of innocence, but argues that Mr. Ruffin is, nonetheless, not entitled to a remand because the undisputed record shows that he cannot meet his statutory burden of proving that he is truly innocent under D.C. Code § 2-422 (2) and 28 U.S.C. § 2513 (a)(2). We agree with the government.

Both parties are in agreement that the trial court erred in concluding that it lacked jurisdiction to grant a certificate of innocence, and we agree. "A certificate of innocence serves no purpose other than to permit its bearer to sue the government for damages" for claims of unjust conviction and imprisonment. *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993). In this case, a certificate of innocence would allow Mr. Ruffin to sue the government for damages for the time that he wrongly spent in prison for his APO and felony threats convictions that were overturned. The Superior Court has the authority to issue a certificate of innocence for an unjust imprisonment claim made against the District of Columbia,

*see* D.C. Code § 2-421 (2012 Repl.),[8] if the person seeking the suit proves:

> (1) That his [or her] conviction has been reversed or set aside on the ground that he [or she] is not guilty of the offense of which he [or she] was convicted, or on new trial or rehearing was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he [or she] has been pardoned upon the stated ground of innocence and unjust conviction; *and*

> (2) That, based upon *clear and convincing evidence*, he [or she] did not commit any of the acts charged or his [or her] acts or omissions in connection with such charge constituted no offense against the United States or the District of Columbia the maximum penalty for which would equal or exceed the imprisonment served *and he [or she] did not, by his [or her] misconduct, cause or bring about his [or her] own prosecution.*

D.C. Code § 2-422 (emphasis added). The Superior Court also has jurisdiction to issue a certificate of innocence, a prerequisite for a federal claim of unjust imprisonment to be pursued in the United States Court of Federal Claims, *see* 28 U.S.C. § 1495, under essentially the same standard as the District of Columbia statute,[9] so long as Superior Court had jurisdiction over the case at trial and the

---

[8] "Any person unjustly convicted of and subsequently imprisoned for a criminal offense contained in the District of Columbia Official Code may present a claim for damages against the District of Columbia." D.C. Code § 2-421.

[9] *See* 28 U.S.C. § 2513 (a) ("Any person suing under section 1495 of this title must allege and prove that . . . (1) His [or her] conviction has been reversed or set aside on the ground that he [or she] is not guilty of the offense of which he [or she] was convicted, or on new trial or rehearing he [or she] was found not guilty of

(continued…)

prosecuting authority was the United States. *See, e.g.*, *Diamen v. United States*, 604 F.3d 653, 657 (D.C. Cir. 2010); *see also* 28 U.S.C. § 2513 (b) ("Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.").[10]  Further, these two claims of unjust imprisonment are not intended to be mutually exclusive. *See* D.C. Council Committee on the Judiciary, Report on Bill 3-251, "District of Columbia Unjust Imprisonment Act" at 5 (July 9, 1980) ("The creation of a new, local statutory remedy for unjust imprisonment is not intended to preclude a person from also seeking compensation under the more restrictive provisions of the

---

(…continued)

such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he [or she] has been pardoned upon the stated ground of innocence and unjust conviction and (2) He [or she] did not commit any of the acts charged or his [or her] acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he [or she] did not by misconduct or neglect cause or bring about his own prosecution.").

[10]  The trial court cited *Wood v. United States*, 91 Fed. Cl. 569, 579 (2009) for the proposition that only a federal district court can grant a certificate of innocence under 28 U.S.C. § 2513.  However, our jurisdiction is unique, and it is well established that "[a] violation of the criminal provisions of the D.C. Code constitutes an offense against the United States." *United States v. McRae*, 580 F. Supp. 1560, 1562 (D.D.C. 1984).  Ultimately, the purpose of a certificate of innocence under § 2513 allows a person to file a claim for damages "against the United States," 28 U.S.C. § 149.  The Superior Court thus has the authority to issue a certificate of innocence for purposes of the federal statute so long as it was the court in which the trial occurred and the prosecuting authority was the United States.

current federal law, 28 U.S.C. secs. 1495 and 2513.").  Accordingly, the trial court erred when it concluded that it lacked jurisdiction under 28 U.S.C. § 2513, and when it failed to even consider the applicability of D.C. Code § 2-422.

While ordinarily such error is cause for a remand, in the case at hand a remand is unnecessary because we can say "with fair assurance" that the trial court would have rejected Mr. Ruffin's request for a certificate of innocence even if it had considered the merits.  *Heath v. United States*, 26 A.3d 266, 274-75 & n.18 (D.C. 2011) (citing to the harmless error standard of *Kotteakos v. United States*, 328 U.S. 750, 764-65 (1946)); *see also District of Columbia v. Am. Fed.'n of State, Cty., and Mun. Emp., Dist. Council 20 and Local 2921*, 81 A.3d 299, 301-02 (D.C. 2013) ("We will eschew a remand as unnecessary . . . if . . . the record before us is conclusive, such that only one disposition is possible as a matter of law, and we can state with complete assurance that further development of the record could not conceivably alter the result."  (citations, internal quotation marks, and brackets omitted)); *Randolph v. United States*, 882 A.2d 210, 218 (D.C. 2005).

As stated above, *see supra* at 7-8, a person seeking the issuance of a certificate of innocence for an unjust imprisonment claim against the District of Columbia must allege and prove, *inter alia*, that (1) "his conviction has been

reversed or set aside," and (2) "[t]hat, based upon *clear and convincing evidence*, he did not [(a)] commit any of the acts charged *or* [(b)] his acts or omissions in connection with such charge constituted no offense . . . *and* [(c)] he did not, by his misconduct, cause or bring about his own prosecution." D.C. Code § 2-422 (emphasis added).

Here, Mr. Ruffin satisfies the first prong because his convictions for APO and felony threats (directed at a police car) have been reversed. There is also no question that his actions, i.e., brushing off Officer Amaya's hand and threatening to kick out the windows of the police car, were not arrestable offenses based on our interpretation of the crimes in *Ruffin I*. The question remains, however, whether Mr. Ruffin could have proven to the trial court that, "based upon clear and convincing evidence," "he did not, by his misconduct, cause or bring about his own prosecution," D.C. Code § 2-422 (2), one of the essential elements for a certificate of innocence.

There does not appear to be an appellate case from this jurisdiction discussing the District of Columbia unjust imprisonment statute, so while our review is *de novo*, in answering the questions of what constitutes "misconduct" and whether the record here reflects that Mr. Ruffin brought about his own prosecution,

we find instructive the federal case *Gates v. District of Columbia*, 66 F. Supp. 3d 1 (D.D.C. 2014), interpreting our local D.C. Code § 2-422.[11]  *See also Eaglin v. District of Columbia*, 123 A.3d 953, 955 (D.C. 2015).

The issue in *Gates* (one of many) was whether the petitioner was entitled to damages for unjust imprisonment against the District of Columbia under D.C. Code § 2-422 after his convictions for rape and murder were overturned.  66 F. Supp. 3d at 8.  The District of Columbia argued that petitioner was not entitled to such damages because he could not establish that he "did not, by his misconduct, cause or bring about his own prosecution," as required by D.C. Code § 2-422.  *Id.* at 9.  Specifically, the District, *inter alia,* presented evidence of petitioner's prior criminal history that occurred in the year leading up to his prosecution, but was

---

[11]  The federal unjust imprisonment statute, 28 U.S.C. § 2513, is in most respects functionally identical to the D.C. statute.  There are two points of difference, neither of which is material to the case at hand.  One, the federal statute, unlike the D.C. statute, does not expressly state the standard of proof that a petitioner is required to meet.  Nonetheless, the federal court has stated that there is "a heavy burden [] placed upon a claimant seeking relief under" 28 U.S.C. § 2513.  *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002).  Two, the court in *Gates* observed that the "federal definition of conduct that could potentially bar recovery is broader than that of the D.C. Code" because, under the federal statute, a petitioner must prove that his "misconduct or [even] *neglect*" did not cause or bring about his own prosecution.  66 F. Supp. 3d at 14 (citing 28 U.S.C. § 2513 (a)(2)).  Accordingly, if Mr. Ruffin is not entitled to a certificate of innocence under our D.C. statute, he likewise would not be entitled to relief under the "broader" bar in the federal statute.  We therefore focus our discussion on the applicability of D.C. Code § 2-422 to Mr. Ruffin's situation.

completely independent from the circumstances leading to the murder and rape convictions that were overturned. *Id.* at 14. In deciding whether evidence of prior criminal activity completely unrelated to the overturned convictions meant that petitioner had "by his misconduct, cause[d] or br[ought] about his own prosecution" under the D.C. statute, the court looked to the legislative history of the D.C. statute and the analogous federal statute and case law interpreting the federal statute. *Id.*

In summary, upon reviewing the literature, the court noted that the body of law supports a finding of "misconduct" in the following situations: (1) Actions where a defendant attempts to "cover up the underlying criminal act," such as a false confession, removal of evidence, an attempt to flee, an attempt to induce a witness to give false testimony, or concealing the guilt of another, *id.* at 14-15 (citing legislative history from the D.C. Council and *Betts*, *supra*, 10 F.3d at 1285); and (2) wrongful conduct related to the "specific allegations at issue in the conviction," *id.* at 15. As an example, wrongful conduct includes "evidence [that] was insufficient to prove [the petitioner's] guilt beyond a reasonable doubt, but certainly shows that, in a general sense, [the petitioner] brought about his own prosecution because he was not truly innocent." *Id.* (citations, internal quotation marks, and original brackets omitted). In other words, "[r]elevant conduct . . .

include[s] acts that occur *during the time of the crime at issue* or immediately afterwards." *Id.* at 16 (emphasis added). Accordingly, because the petitioner in *Gates* was "not at the scene of the rape and murder, nor was he running from the area at the time the body was found or trying to destroy evidence, nor was he participating in some lesser crime or misconduct with [the decedent] that 'almost' amounted to murder and rape," the court rejected the District's argument that petitioner's own misconduct "cause[d] or br[ought] about his own prosecution" based on his prior criminal history. *Id.*

Mr. Ruffin claims that the burglary in this case does not constitute "misconduct" under the D.C. or federal statutes and cites to a narrower interpretation of "misconduct" that the Seventh Circuit adopted in *Betts*, *supra*, 10 F.3d at 1285, for the federal unjust imprisonment statute. The Seventh Circuit in *Betts* "conclude[d] that before the petitioner can be said to have caused or brought about his prosecution within the meaning of section 2513 (a)(2), *he must have acted or failed to act in such a way as to mislead the authorities into thinking he had committed an offense*." *Id.* (emphasis added). Examples that the court gave include "an attempt to flee, a false confession, the removal of evidence, or an attempt to induce a witness or an expert to give false testimony or opinion, or an analogous attempt to suppress such testimony or opinion." *Id.* However, the *Betts*

definition of "misconduct" has been criticized for being too "narrow." *See United States v. Graham*, 608 F.3d 164, 174 (4th Cir. 2010) (rejecting the Seventh Circuit's narrow interpretation of "misconduct" in *Betts* because it "effectively reads neglect" out of the federal statute). Further, we find more persuasive the broader interpretation of "misconduct" adopted in *Gates*.[12] In addition to all that has been said by the court in *Gates*, we add that such an interpretation of "misconduct" conforms to its plain meaning. *See Misconduct*, BLACK'S LAW DICTIONARY 1149 (10th ed. 2014) (defining misconduct as, "A dereliction of duty; unlawful, dishonest, or improper behavior . . ."); *see also Eaglin*, *supra*, 123 A.3d at 956 ("If the plain meaning of the statutory language is clear and unambiguous and will not produce an absurd result, we will look no further." (brackets omitted)). Accordingly, we agree with the *Gates* court's analysis of D.C. Code § 2-422 (2) and adopt its definition of "misconduct" for our own interpretation of the District of Columbia and federal unjust imprisonment statutes.

---

[12] Appellant also cites for support *Eastridge v. United States*, 602 F. Supp. 2d 66, 71 (D.D.C. 2009), *aff'd sub nom. Diamen v. United States*, 604 F.3d 653 (D.C. Cir. 2010) (finding unpersuasive as misconduct: (1) attempting to help one of the suspects escape; (2) refusing to give information to the police; (3) driving while drunk; (4) failure to report a shooting; (5) concealing a knife; and (6) drunk in public, because such actions, "even if accurate, [were] unrelated to the actual crime charged—first degree murder"). But *Eastridge* was decided before *Gates* and is, in any event, not materially in tension with *Gates*.

Based on our interpretation of "misconduct" we do not believe that a remand is necessary because the record reflects with "fair assurance" that the trial court would have rejected Mr. Ruffin's certificate of innocence claim even if it had considered it on the merits. The trial court concluded that Mr. Ruffin, as the moving party, could not prove "by a preponderance of the evidence" that he did not actually commit the crime of burglary for purposes of sealing his arrest records, a decision he does not challenge on appeal. D.C. Code § 16-802 (c) ("preponderance of the evidence" standard for motions filed within "4 years after the prosecution has been terminated"). The trial court found that Mr. Ruffin could not explain away the fact that, mere minutes after the 911 call of a burglary, the police found Mr. Ruffin by himself in the early morning hours behind the apartment building where the burglary had just occurred. The trial court's findings that Mr. Ruffin cannot demonstrate his actual innocence for purposes of sealing his arrest record for burglary are fatal to his claim that he is entitled to a certificate of innocence. This is because, based on these findings by the trial court, we can say with "fair assurance" that the trial court would have also found that Mr. Ruffin had failed to show by "clear and convincing evidence," an even higher burden of proof than the "preponderance of the evidence standard" under the record-sealing statute, that he did not "cause or bring about his own prosecution" through his actions. D.C. Code § 2-422 (2). *See, e.g.*, *Gates*, *supra*, 66 F. Supp. 3d at 15 (concluding

that just because there was insufficient evidence to prove a petitioner's guilt beyond a reasonable doubt does not mean he or she is truly innocent for purposes of a finding of misconduct).[13]  Nor would that finding, in our judgment, have been either factually or legally erroneous.  *See* D.C. Code § 17-305 (a) (2001).

The causal connection between the burglary and Mr. Ruffin's subsequent prosecution is clear.  Had it not been for the burglary for which Mr. Ruffin cannot prove his actual innocence by clear and convincing evidence, Mr. Ruffin would not have encountered Officer Amaya and would not have been arrested for and convicted of APO and felony threats which led to his imprisonment.  *See Gates*, *supra*, 66 F. Supp. 3d at 16 (concluding that because the petitioner was not at the scene of the murder and rape, his criminal conduct was not related to the prosecution).  Therefore, because Mr. Ruffin cannot demonstrate that he is entitled to a certificate of innocence under D.C. Code § 2-422, he likewise cannot demonstrate that he is entitled to a certificate of innocence under 28 U.S.C. § 2513.  *See supra* note 11.

---

[13]  Our decision not to remand for additional findings by the trial court does not prejudice Mr. Ruffin.  *See Randolph*, *supra*, 882 A.2d at 218 ("Affirmance on other grounds is appropriate . . . only where there has been no procedural unfairness.").  Mr. Ruffin had every opportunity to argue and provide evidence of his innocence with respect to the burglary arrest when he filed his motion seeking to both seal his arrest records and issue a certificate of innocence, but he failed to do so.

### III.  Conclusion

The trial court erred in concluding that it lacked jurisdiction to issue Mr. Ruffin a certificate of innocence under D.C. Code § 2-422 or 28 U.S.C. § 2513 because only the court where the trial took place may issue these certificates.  No remand on this issue is required because on this record Mr. Ruffin cannot prove that his misconduct did not cause or bring about his own prosecution.  We remand, however, to direct the trial court to order the return of Mr. Ruffin's money that he had paid into the VVC Fund as part of his sentence for his now-reversed convictions.

*So ordered.*