*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CT-279


REYNARD EAGLIN, APPELLANT,

V.

DISTRICT OF COLUMBIA, APPELLEE.


Appeal from the Superior Court
of the District of Columbia
(CTF-18479-13)

(Hon. Robert I. Richter, Trial Judge)

(Submitted May 7, 2015                    Decided August 27, 2015)

*Cameron Robinson* and *Kenneth M. Robinson* were on the brief for appellant.

*Eugene A. Adams*, Interim Attorney General, *Todd S. Kim*, Solicitor General, *Rosalyn C. Groce*, Deputy Solicitor General, and *Janice Y. Sheppard*, Assistant Attorney General, were on the brief for appellee.


Before GLICKMAN and EASTERLY, *Associate Judges*, and RUIZ, *Senior Judge*.

EASTERLY, *Associate Judge*:  Reynard Eaglin appeals his enhanced sentence for driving under the influence ("DUI").[1]  As recently amended, the District's DUI sentencing enhancement statute requires the imposition of a mandatory-minimum sentence of at least ten days in jail for an individual convicted of DUI who has a qualifying "prior offense."[2]  The statute also now defines the previously undefined term "prior offense"; it is "any guilty plea or verdict . . . for an offense under District law or a *disposition in another jurisdiction* for a substantially similar offense . . .  [but] does not include an offense where the later of any term of incarceration, supervised release, parole, or probation ceased or expired more than 15 years before the arrest on the current offense."[3]  The question in this case is whether Mr. Eaglin has such a "disposition," and thus a prior offense, where he pled guilty to a DUI offense in Maryland in 2007, received probation before judgment which he served without incident, and thus avoided a DUI conviction. We conclude that Mr. Eaglin does have a qualifying prior offense justifying an enhanced sentence for his D.C. DUI conviction, and thus we affirm.

---

[1]  D.C. Code § 50-2206.11 (2014 Repl.).

[2]  D.C. Code § 50-2206.13 (b)-(d) (2014 Repl.).

[3]  D.C. Code § 50-2206.01 (17) (2014 Repl.) (emphasis added).

## I.     Facts and Procedural History

In October 2013 the government charged Mr. Eaglin with DUI, Operating a Vehicle While Impaired ("OWI"), and Reckless Driving.[4]   The government subsequently filed enhancement papers under D.C. Code § 50-2206.13 asserting that Mr. Eaglin had a qualifying prior offense from Maryland justifying an enhanced sentence upon conviction for DUI and OWI.[5]   Mr. Eaglin filed an opposition asserting that he did not have a qualifying offense.  He explained that although he had been charged with "a DUI in Maryland"[6] in 2007, he had received probation before judgment.[7]   Accordingly, Mr. Eaglin asserted that "[t]he prior

---

[4]  D.C. Code §§ 50-2206.11, 50-2206.14 (2012 Repl.), 50-2201.04 (b) (2014 Repl.).

[5]  The government never filed any court records from Maryland or provided any other documentation of this prior offense, but, as discussed below, Mr. Eaglin conceded the relevant facts.

[6]  Mr. Eaglin did not specify the code provision, but he has never contested that he was charged under Md. Code Ann., Transp. § 21-902, which broadly prohibits "[d]riving while under the influence or impairment of alcohol or drugs" in Maryland.

[7]  Maryland courts may sentence people who have committed a "driving while under the influence" offense to "probation without judgment," so long as they have not been convicted of such an offense or resolved such a charge with probation before judgment in the last ten years.  Md. Code Ann., Transp. §§ 6-220 (b)(1),(d)(1) (2013 Supp.).  A defendant must "plead[] guilty or nolo contendere or [be] found guilty of a crime," and then a court will "stay the entering of judgment, defer further proceedings, and place the defendant on probation."  Md. Code Ann., Transp. § 6-220 (b)(1).  Once the defendant successfully finishes probation, the

(continued…)

case/offense in Maryland was NOT a conviction," and further asserted that "[t]here was never an admission nor determination of guilt."

The parties subsequently supplemented their pleadings, and the trial court held a hearing. At that proceeding, the government represented without contradiction that there was no "dispute here, that, in this case [in Maryland], the defendant did plead guilty," and defense counsel likewise admitted that Mr. Eaglin had "pled guilty," though counsel continued to maintain that the disposition of probation before judgment meant that "this would not be held against him, that it would be expungable, that . . . this would have no effect on him in the future." The trial court rejected this argument and ruled that Mr. Eaglin's Maryland guilty plea constituted a "disposition" under the enhancement statute. Mr. Eaglin pled guilty to DUI under D.C. Code § 50-2206.11, and the trial court sentenced Mr. Eaglin to ninety days in jail with all but ten suspended, one year of probation, and payment of $100 to the Victims of Violent Crime Fund. The court stayed this sentence pending appeal.

---

(…continued)
court will "discharge" him or her from probation. Md. Code § 6-220 (g). This discharge equates to the "final disposition" of the case and "is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime." *Id.*

## II.    Analysis

Whether Mr. Eaglin was properly sentenced hinges on how we interpret the language of the DUI sentencing enhancement statute.  We review such questions of statutory interpretation de novo.  *District of Columbia v. Reid*, 104 A.3d 859, 866 (D.C. 2014).

As a general rule, "the intent of the lawmaker is to be found in the language that he [or she] has used."  *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc) (quoting *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64 (D.C. 1980) (en banc)).  "[W]e must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning."  *Id*. (quoting *Davis v. United States*, 397 A.2d 951, 956 (D.C. 1979)).  "[I]f the plain meaning of statutory language is clear and unambiguous and will not produce an absurd result, we will look no further." *Smith v. United States*, 68 A.3d 729, 735 (D.C. 2013) (quoting *Hood v. United States*, 28 A.3d 553, 559 (D.C. 2011)).

With the passage of the Comprehensive Impaired Driving and Alcohol Testing Program Amendment Act of 2012,[8] the Council of the District of Columbia revised its enhanced sentencing scheme for any individual convicted of a DUI with a "prior offense," and imposed a mandatory minimum requirement of jail time of at least ten days. D.C. Code § 50-2206.13 (b)-(d). The Council also added a definition for "prior offense." Under the statute, a "prior offense" is "any guilty plea or verdict . . . for an offense under District law or a disposition in another jurisdiction for a substantially similar offense" but excludes "an offense where the later of any term of incarceration, supervised release, parole, or probation ceased or expired more than 15 years before the arrest on the current offense." D.C. Code § 50-2206.01 (17). Because the government identified a 2007 Maryland DUI offense as Mr. Eaglin's qualifying "prior offense," we begin our analysis by examining the definitional language that applies to out-of-state conduct: "disposition in another jurisdiction for a substantially similar offense." *Id.* Mr. Eaglin has never argued that his Maryland DUI offense was too old or not "substantially similar" to a D.C. DUI. Thus, the only question is whether his

---

[8] Comprehensive Impaired Driving and Alcohol Testing Program Amendment Act of 2012, D.C. Law 19-266, 59 D.C. Reg. 12957 (2013) (hereinafter "D.C. Law 19-266").

Maryland DUI offense resulted in a "disposition" triggering the D.C. DUI enhancement statute.

"Disposition" is not a statutorily defined term and, taken out of context, it is ambiguous. Disposition has a number of meanings. It is broadly understood to mean any final resolution of a case,[9] which could include not only a conviction but also a decision not to prosecute or an acquittal. Reading statutory terms out of context is not a favored method of statutory interpretation, however. Instead, "[s]tatutory interpretation is a holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter." *Baltimore v. District of Columbia*, 10 A.3d 1141, 1146 (D.C. 2011) (citing *Cook v. Edgewood Mgmt. Corp.*, 825 A.2d 939, 946 (D.C. 2003)); *accord United States v. Deal*, 508 U.S. 129, 132 (1993) (reaffirming the "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used"). Reading "disposition" in the context of the definition of "prior offense" as a whole, we conclude its meaning is clear.

---

[9] *Disposition*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "disposition" as a "final settlement or determination").

Before D.C. Code § 50-2206.01 (17) addresses what constitutes a prior offense when incurred in a different jurisdiction, it defines a prior offense incurred in the District as "any guilty plea or verdict . . . for an offense under District law." This language indicates the legislature's intent to target recidivists whose guilty, and highly dangerous, conduct has been admitted or proven, regardless of the consequences faced or punishment subsequently imposed. Indeed, keying "prior offense" to a guilty plea or verdict signals that the Council wanted recidivists to receive enhanced penalties even if they had not yet been sentenced for the other charge or received a final judgment.[10]

We acknowledge that the Council selected a different word, "disposition," to refer to prior offenses incurred in other jurisdictions; it did not simply define prior offense as "any guilty plea or verdict . . . for an offense under District [or other

---

[10] The Preamble to the Comprehensive Impaired Driving and Alcohol Testing Program Amendment Act of 2012 lists as a prefatory purpose the desire punish more severely "people . . . who have prior impaired driving *convictions*." Preamble, D.C. Law 19-266 (emphasis added). But we rely on the definitional language the Council actually chose for "prior offender" as the more precise indicator of its intent because, as noted above, "[t]he primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc.*, 470 A.2d at 753. *See also H.J. Inc. v. Northwestern Bell Telephone Co*., 492 U.S. 229, 245 (1989) (declining to rely on the statutory preamble to "narrow construction of the Act's expansive[ly defined] terms").

state] law."[11]  *Cf.* D.C. Code § 50-2206.01 (17).  But we cannot conceive of a logical reason why the Council would have wanted to define these two groups—those with a prior DUI offense incurred in the District, and those with prior DUI offenses incurred outside the District—differently.  In particular, we cannot conceive of a logical reason why the Council, having indicated its concern with recidivist conduct, would have wanted to sentence more leniently a person who had previously committed a DUI offense out of state simply because he was given a chance in the out-of-state jurisdiction to comply with probation and thereby avoid a judgment of conviction (a chance that D.C. DUI offenders do not have).  Such an opportunity to avoid an initial DUI conviction does not change the fact that by committing another DUI, the defendant has re-offended.  Even Maryland acknowledges this fact; an individual who receives probation before judgment in that jurisdiction for a DUI offense is not eligible to receive probation before judgment for ten years thereafter because of the prior offense, notwithstanding the fact that the prior offense never resulted in a DUI conviction.[12]  *See supra* note 7.

---

[11]  The legislative history contains no explanation for or acknowledgement of this language disparity.  *See* D.C. Council, Comm. on the Judiciary, Report on Bill 19-777 at 24, 36, 118 (July 2, 2012).

[12]  Under an earlier version of the Maryland statute, an individual who received probation before judgment for a DUI offense was ineligible to receive probation before judgment for five years thereafter.  The Maryland Court of Appeals confronted this limitation in *Shilling v. State*, 577 A.2d 83 (Md. 1990),

(continued…)

When interpreting statutes, we construe them "in a manner which assumes that [the legislature] acted logically and rationally," *Berkley v. United States*, 370 A.2d 1331, 1332 (D.C. 1977) (per curiam), and "avoid interpretations of statutes which lead to implausible results," *Abdulshakur v. District of Columbia*, 589 A.2d 1258, 1266 (D.C. 1991). Accordingly, we read "prior offense" to have the same meaning with respect to those offenses committed in the District as those committed out of state, which is to say that we read "disposition in another jurisdiction" to mean a "disposition" by means of a "guilty plea or verdict," within the temporal limits of D.C. Code § 50-2206.01 (17).

Having thus discerned the meaning of "prior offense," we conclude that Mr. Eaglin properly received an enhanced sentence for his DUI conviction in the District. The record establishes, and Mr. Eaglin acknowledges in his brief, that he pled guilty so as to get probation before judgment in Maryland in 2007.[13] The fact

---

(…continued)
and explained that "it is our view that the legislature intended to deny a subsequent offender who abuses alcohol and operates a motor vehicle any kind of grace where he is found to have violated the provisions of § 21-902 a second time within a five year period." *Id*. at 85-86.

[13] Appellant's Brief at 10 ("In 2007, appellant pleaded guilty to driving under the influence . . . ."); *see also id*. at 7 (acknowledging Mr. Eaglin's guilty plea in Maryland). To be eligible to receive probation before judgment, Mr. Eaglin was statutorily required either to plead guilty or nolo contendere, or to receive a verdict of guilty. *See supra* note 7.

that he served his probationary term without incident and ultimately did not receive a DUI conviction in Maryland is immaterial. He did plead guilty to a DUI in Maryland, and he never obtained an order vacating his guilty plea.[14]

Mr. Eaglin suggests in his brief that such an order would have been unnecessary, because in Maryland "a guilty plea which is immediately qualified as a probation before judgment is no longer a guilty plea. . . . As a practical matter once the limited conditions of probation are satisfactorily completed by the accused, the guilty plea no longer exists. It is erased as if it never existed." But he provides no authority for this assertion, and we see none. Although Maryland Code § 6-220 makes clear that an individual who receives probation before judgment and successfully completes that probation does not have a conviction, nowhere does the statute indicate that the discharge expunges a guilty plea and its attendant admission of guilt.[15] Md. Code § 6-220.

---

[14] Had Mr. Eaglin received such an order, he would not qualify as a prior offender under this court's interpretation of D.C. Code § 50-2206.13.

[15] For this reason, Mr. Eaglin's argument that imposition of an enhanced sentence based on his Maryland DUI would violate the Full Faith and Credit Clause, an argument he makes for the first time on appeal, fails our test for plain error. *See Thomas v. United States*, 914 A.2d 1, 8 (D.C. 2006) (explaining that to prevail on an unpreserved claim on appeal, an appellant must show (1) "error," (2) that is "plain," and (3) that affected appellant's "substantial rights," and (4) that "seriously affects the fairness, integrity, or public reputation of judicial

(continued…)

In sum, Mr. Eaglin's plea of guilty in Maryland to a DUI rendered him a prior offender under D.C. Code § 50-2206.13; the fact that he was never convicted in Maryland of a DUI is immaterial. Thus, he was properly sentenced as a prior offender and we affirm the sentence imposed by the Superior Court.

*So ordered.*

---

(…continued)
proceedings."). Mr. Eaglin argues that because he has no conviction under Maryland law, he cannot have a prior conviction under the D.C. DUI enhancement statute. But as we have explained, the application of the D.C. DUI enhancement statute turns not on whether Mr. Eaglin has a prior conviction, but on whether he has a prior guilty plea in Maryland. And Mr. Eaglin has cited nothing to us to indicate his guilty plea was invalidated or that Maryland would not give any effect to his guilty plea. *See Sun Oil Co. v. Wortman*, 486 U.S. 717, 730-31 (1988) ("To constitute a violation of the Full Faith and Credit Clause . . . , it is not enough that a state court misconstrue the law of another State. Rather, our cases make plain that the misconstruction must contradict law of the other State that is clearly established and that has been brought to the court's attention.").