# District of Columbia
# Court of Appeals

**No. 14-CV-653**

CYNTHIA N. WASHINGTON,



Appellant,

v.

CAB-7237-12

DISTRICT OF COLUMBIA,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: GLICKMAN and EASTERLY, *Associate Judges*; and FARRELL, *Senior Judge*.

## J U D G M E N T

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the Superior Court's decision granting summary judgment in favor of the District of Columbia is affirmed.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: April 28, 2016.

Opinion by Associate Judge Stephen H. Glickman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-653

FILED **4/28/16**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

CYNTHIA N. WASHINGTON, APPELLANT,

V.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-7237-12)

(Hon. Thomas J. Motley, Trial Judge)

(Argued February 10, 2016                    Decided April 28, 2016)

*J. Michael Hannon* for appellant.

*Jason Lederstein*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for appellee.

Before GLICKMAN and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

GLICKMAN, *Associate Judge*:  A District of Columbia statutory provision, D.C. Code § 51-119 (f) (2012 Repl.), provides that when an employer "makes an award of back pay" to a claimant, the employer must withhold from the award an amount equal to any unemployment benefits the claimant received during the

period covered by the back pay award. The purpose of this requirement is to ensure the solvency of the District Unemployment Fund by recovering benefits the employee received as a substitute for the back pay. The chief question before us in this appeal is whether this statutory withholding requirement applies when an employer voluntarily settles a back pay claim, or only when an employer makes the payment pursuant to a formal decision by a court, administrative tribunal, or arbitrator. We construe § 51-119 (f) to apply to settled as well as adjudicated claims for back pay and, accordingly, we affirm the judgment of the Superior Court.

**I.**

Appellant Cynthia Washington is a correctional officer who was terminated by the District of Columbia Department of Corrections on January 17, 2008. She challenged her termination, and on June 22, 2009, an administrative judge of the Office of Employee Appeals (OEA) reversed it and ordered the District government to reinstate her with back pay. The OEA Board and the Superior Court affirmed that decision, and the District appealed to this court.

While the appeal was pending, on January 29, 2012, the District restored appellant to her former position. Thereafter, on March 5, 2012, appellant and the

District finalized a settlement agreement. The agreement required the District to pay a "settlement sum" totaling $150,000. A portion of this amount, $35,006.78, was deposited with the Office of Personnel Management to fund appellant's retirement annuity. The agreement required the District to issue a check to appellant for the remaining balance of $114,993.22 "less applicable withholdings." This payment, the agreement stated, represented appellant's "compromise on back salary and benefits for the period of January 17, 2008, through January 28, 2012." The agreement did not specify what the "applicable withholdings" were to be.[1]

The check that the District subsequently issued to appellant was in the amount of $41,559.63. This was substantially less than she anticipated. While she expected the District to withhold state and federal taxes, which it did, appellant did not foresee that the District would withhold an additional $40,306, representing an amount equal to the unemployment compensation she had received during the period covered by her back pay claim.

In her ensuing breach of contract complaint, appellant alleged that the settlement agreement did not permit the government to withhold the amount of her

---

[1] Upon execution of the settlement agreement, the District dismissed its appeal to this court.

unemployment compensation from the settlement sum. The District moved for summary judgment, arguing that the phrase "less applicable withholdings" in the agreement contemplated all withholdings required by law including, under D.C. Code § 51-119 (f), the amount of unemployment benefits appellant had received during the period covered by the back pay settlement. In opposition, appellant contended that § 51-119 (f) was inapplicable. She argued that she had not received an "award" of back pay within the meaning of the statute because the District had settled her claim voluntarily rather than in compliance with the orders of the OEA and the Superior Court. She further argued that the phrase "applicable withholdings" in the settlement agreement unambiguously meant only tax withholdings. Ultimately, however, the Superior Court agreed with the District's contrary interpretation of the statute and the settlement agreement and granted its motion for summary judgment.

## II.

### A.

We review the grant of a motion for summary judgment *de novo*, applying the same standard as the trial court did in ruling on the motion.[2]  Accordingly, we will affirm summary judgment only if, after conducting an independent review of the record, we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.[3]

### B.

Appellant's principal contention is that D.C. Code § 51-119 (f) requires an employer to recover previously paid unemployment benefits through withholding only when the employer is complying with a formal award of back pay by a court, administrative tribunal, or arbitrator, and that the withholding requirement

---

[2] *Joyner v. Sibley Mem'l Hosp.*, 826 A.2d 362, 368 (D.C. 2003) (citing *Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1281–82 (D.C. 2002)).

[3] *See Clampitt v. American Univ.*, 957 A.2d 23, 28 (D.C. 2008) (citing Super Ct. Civ. R. 56 (c)); *Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 66 (D.C. 2002).

therefore does not apply to a payment the employer makes to settle a back pay claim. The District disagrees. Like the trial court, it construes § 51-119 (f) to apply to compromise payments of claims for back pay. The question being one of statutory interpretation, our review of the trial court's conclusion is *de novo*.[4]

The interpretation of statutes is "a holistic endeavor."[5] "As a general rule, 'the intent of the lawmaker is to be found in the language that he [or she] has used,'"[6] and that language "should be interpreted in accordance with its ordinary and usual sense, and with the meaning commonly attributed to it."[7] But the inquiry is not to be a shallow or simplistic one. It is not limited to "the bare words of the statute,"[8] for "words are inexact tools at best, . . . no matter how clear [they] may appear on superficial examination."[9] Thus, it is a "fundamental principle of

---

[4] *Eaglin v. District of Columbia*, 123 A.3d 953, 955 (D.C. 2015).

[5] *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988); *accord Cook v. Edgewood Mgmt. Corp.*, 825 A.2d 939, 946 (D.C. 2003).

[6] *Eaglin*, 123 A.3d at 955 (quoting *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983)).

[7] *United States v. Thompson*, 347 A.2d 581, 583 (D.C. 1975).

[8] *Peoples Drug Stores*, 470 A.2d at 754 (internal quotation marks and citation omitted).

[9] *Id.* (quoting *Harrison v. Northern Trust Co.*, 317 U.S. 476, 479 (1943)).

statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used."[10]  Inevitably, therefore, "in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."[11]  In sum, we must ascertain the meaning of D.C. Code § 51-119 (f) in light of "the entire enactment against the backdrop of its policies and objectives."[12]

---

[10] *Eaglin*, 123 A.3d at 956 (quoting *United States v. Deal*, 508 U.S. 129, 132 (1993)); *see also, e.g.*, *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."); *Columbia Plaza Tenants' Ass'n v. Columbia Plaza Ltd. P'ship*, 869 A.2d 329, 332 (D.C. 2005) ("The literal words of [a] statute . . . are not the sole index to legislative intent, but rather, are to be read in the light of the statute taken as a whole, and are to be given a sensible construction, and one that would not work an obvious injustice."); *Abdulshakur v. District of Columbia*, 589 A.2d 1258, 1266 (D.C. 1991) ("Courts avoid interpretations of statutes which lead to implausible results, even where resort to the dictionary would sustain such implausibility.").

[11] *United States Nat'l Bank v. Independent Ins. Agents of Am.*, 508 U.S. 439, 455 (1993) (internal quotation marks omitted); *see also Columbia Plaza Tenants' Ass'n*, 869 A.2d at 332 ("[W]e must inquire whether our interpretation is plainly at variance with the policy of the legislation as a whole requiring that we remain faithful more to the purpose than the word.  Consequently, in appropriate cases, we also consult the legislative history of a statute.") (internal quotation marks and citations omitted).

[12] *O'Rourke v. District of Columbia Police and Firefighters' Ret. and Relief Bd.*, 46 A.3d 378, 384 (D.C. 2012) (internal quotation marks omitted).

Section 51-119 (f) establishes a withholding requirement when an employer "makes an award of back pay" that corresponds to a period of time in which the recipient received unemployment benefits; the provision reads in full as follows:

> In all cases where an employer subject to this subchapter *makes an award of back pay* to a claimant who has received benefits during the same period covered by the back pay award, the employer shall withhold an amount equal to the benefits paid from the back pay award and shall repay the amount to the Director, who shall deposit it in the Fund and credit the accounts of charged base period employers. If the employer does not comply with this subsection, the Director may treat the unrefunded amount as an unpaid contribution and collect it in the manner provided for collection of delinquent contributions. [13]

In other words, when an employer "makes an award of back pay," it is required to act on behalf of the District Unemployment Fund and recoup the benefits the employee previously collected that, if not withheld from the award, in effect would constitute a double payment to the employee for the same period of time. It is undisputed that this statutory requirement applies to the District government in its capacity as an employer.

---

[13] D.C. Code § 51-119 (f) (emphasis added).

Appellant's argument that this requirement does not apply to settlements rests on the meaning of the word "award." She argues that this word has an unambiguously narrow definition, one that excludes the payment she received in compromise of her claim. Appellant begins by observing, correctly, that § 51-119 (f) uses the word "award" without defining it. The statute likewise does not define the terms "award of back pay" and "back pay award." Therefore, appellant argues, it is appropriate to fall back on the common understanding in the legal community that "award" and "award of back pay" refer to payments mandated by judicial or quasi-judicial action. Confirming this common understanding, Black's Law Dictionary defines "award" as "[a] final judgment or decision, esp. one by an arbitrator or by a jury assessing damages"[14] and "backpay award" as "[a] judicial or quasi-judicial body's decision that an employee or ex-employee is entitled to accrued but uncollected wages or benefits."[15] Appellant adds that the word "award" is used elsewhere in the District of Columbia Code in accordance with this general legal understanding.[16]

---

[14] *Award*, Black's Law Dictionary (10th ed. 2014).

[15] *Backpay Award*, Black's Law Dictionary (10th ed. 2014).

[16] *E.g.*, in the Revised Uniform Arbitration Act, *see* D.C. Code § 16-4422 (2014) (providing that '[a]fter a party to an arbitration proceeding receives notice

*(continued…)*

There is superficial force to appellant's contention; in the litigation context, if not elsewhere, the word "award" normally does refer to a judicial or other adjudication.[17]  Nonetheless, appellant's contention that § 51-119 (f) uses the word in this way is problematic in several respects.  First, when used outside the litigation context, the word "award" has a broader meaning.  The successors of Noah Webster, for example, provide a second definition of an "award" as simply "something that is conferred or bestowed upon a person" and offer the example of a university awarding an honorary degree.[18]  Another, perhaps more pertinent example, shows that even lawyers sometimes use the word "award" without referring to a judicial or quasi-judicial adjudication:  The government procurement provisions of the District of Columbia Code provide for the "award" of government contracts through competitive bidding or other processes.[19]

---

*(continued…)*
of an award, the party may make a motion to the court for an order confirming the award . . . .'); and in several provisions of the Workers' Compensation Act, *see Fluellyn v. District of Columbia Dep't of Empl. Servs.*, 54 A.3d 1156, 1162 (D.C. 2012) ("The statute's use of the terms 'award' and 'awarded,' . . . refers to situations where payment of compensation is compelled by the agency.").

[17] *See, e.g.*, *Astrue v. Ratliff*, 560 U.S. 586, 592 (2010).

[18] *Award*, Webster's Third New International Dictionary of the English Language Unabridged (1993).

[19] *See, e.g.*, D.C. Code §§ 2-354.01–2-354.08 (2012 Repl.).

Thus, the meaning of the word "award" depends heavily on its contextual usage. This factor cuts against appellant's interpretation of § 51-119 (f), because that provision does not appear to limit its use of the word "award" to the litigation context. Section 51-119 (f) applies "in all cases where an employer . . . makes an award of back pay." This usage indicates that for the purposes of § 51-119 (f), an "award" is something an *employer makes*, regardless of the circumstances or the reason for doing so. The sole focus of the statute is on the employer's conduct; it makes no mention, directly or indirectly, of litigation or any judicial or quasi-judicial action, process, or involvement. This usage supports the conclusion that the Council intended the withholding requirement of § 51-119 (f) to apply whenever an employer pays a claim for back pay, whether at the direction of a court or in a compromise of the claim.

The Council's objective in adding subsection (f) to § 51-119 fortifies that conclusion. What is now codified as subsection (f) was one of a package of provisions enacted into law in the Unemployment Compensation Comprehensive Improvements Amendment Act of 1993.[20] As stated in the Act's preamble, and

---

[20] D.C. Law 10-15, District of Columbia Unemployment Compensation Comprehensive Improvement Amendments Act of 1993, § 111, 40 D.C. Reg. 5420, 5434 (July 30, 1993).

confirmed in the legislative history, the sole purpose of the legislation was to "restore the Unemployment Fund to solvency" by various revenue-raising means; and these included "authorizing additional means of overpayment collection" by the withholding mechanism adopted in subsection (f).[21] Nothing in the text of the Act or its legislative history expresses any intention or reason to restrict that mechanism to formally-adjudicated awards, or to exclude compromises of back pay claims.

Excluding such compromises from the requirements of § 51-119 (f) would only serve to frustrate the Council's objective of replenishing and shoring up the unemployment fund by recovering overpayments of unemployment benefits. Whether an employee who collected unemployment compensation subsequently receives back pay through adjudication or compromise, in either case there has been an overpayment. There is no apparent reason why the Council might have wanted to recover that overpayment in one case but not the other. The incongruity of excluding back pay settlements from the coverage of § 51-119 (f) is on full display in this very case, where the District settled appellant's claim only after she

---

[21] 40 D.C. Reg. at 5434; *see also* D.C. Council, Report on Bill No. 10-52 at 1 (May 11, 1993) (declaring that the "purpose of Bill 10-52 is to restore the Unemployment Trust Fund to solvency and to maintain solvency in future fiscal years").

actually obtained a formally adjudicated award. Had the District complied with the OEA's order to reinstate appellant with back pay, it concededly would have been obligated by § 51-119 (f) to withhold what she previously had collected in unemployment benefits. That the OEA's order instead led the District to compromise with appellant is no reason to abrogate the withholding requirement and thwart the recovery of the overpayment. Indeed, allowing employers and employees to evade § 51-119 (f) in this easy manner would simply furnish a substantial economic incentive for both sides to frustrate the Council's goal.[22]

Appellant suggests the Council could not have intended § 51-119 (f) to apply to settlements because it is inequitable to withhold 100% of the unemployment compensation an employee received from a compromise in which the employee received less than 100% of the back pay that was withheld. We do not agree. There is no evidence that the Council was motivated by this concern to exclude settlements from the reach of the statute. Nor do we perceive an inequity,

---

[22] To illustrate the point: Suppose the OEA awarded an employee $200,000 in back pay, from which § 51-119 (f) required the employer to withhold $40,000. If a compromise of the back pay claim would avoid that requirement, both parties would be better off to settle for, say, $180,000. Such a settlement would save the employer $20,000 while netting the employee $20,000 more; but it would accomplish this by depriving the Unemployment Fund of $40,000 and permitting the employee to receive more, in total, than she would have received had she never been out of work in the first place.

since (1) an employee is not compelled to settle for less than 100% of his or her back pay; (2) an employee who chooses to do so still may have received an overpayment of unemployment compensation that, in equity, should be repaid; and (3) in deciding whether to accept a compromise sum in settlement, an employee can take into consideration how much will be withheld pursuant to § 51-119 (f).

In our view, appellant has not provided a principled reason to construe the statute as applying only to back pay awards rendered by a court, administrative body, or arbitrator, and not also to settlements of claims for back pay.  We have identified four reasons to interpret § 51-119 (f) as applying to such settlements: *First*, the word "award" has more than one definition, and it readily bears a broader meaning in this non-litigation context than a judicial or quasi-judicial decision. *Second*, § 51-119 (f) refers to an "award" of back pay as something the employer makes rather than an adjudicative body renders.  *Third*, nothing in the text or the legislative history of the provision indicates that the Council meant the word "award" to mean only a formal adjudication, or to exclude a compromise of a claim for back pay.  *Fourth*, construing the word "award" to include an employer's settlement of a back pay claim furthers the Council's objective to recover overpayments of unemployment benefits to shore up the Unemployment Fund, while construing the word "award" to mean only formal adjudications would tend

to thwart that goal. For these reasons, we reject appellant's claim and construe § 51-119 (f) to apply where, as here, an employer reaches a settlement agreement with an employee that includes back pay.

## C.

Appellant's remaining arguments are best addressed in tandem. She argues that under D.C. Code §§ 2-406 and 2-402 (2012 Repl.), which respectively allow the Mayor to settle claims by and against the District, the settlement agreement operated as a waiver and release of any claim the District may have had against her for the recovery of unemployment compensation. Appellant points to the parties' declaration in their settlement agreement of their "desire to fully and finally resolve all claims, differences and disputes between them that have arisen, may have arisen, or could arise, out of [appellant's] employment with the District of Columbia and her separation therefrom." The merits of this argument are linked to the validity of appellant's second contention, which is that the language of the settlement agreement does not contemplate the § 51-119 (f) withholding.

Both claims fail for the same reason: The settlement agreement states explicitly that appellant would receive the balance of her settlement "less applicable withholdings." For the reasons we have already adduced, § 51-119 (f)

creates an applicable withholding requirement.  "[L]aws in effect at the time of the making of a contract form a part of the contract 'as fully as if they had been expressly referred to or incorporated in its terms.'"[23]  The phrase "applicable withholdings" therefore unambiguously includes the withholding required by § 51-119 (f).  Notwithstanding the parties' regrettable failure to clarify the scope of the phrase in their negotiations, nothing in the agreement waives that requirement, releases the District's statutory right to recover overpayments through withholding, or protects appellant from its consequences.

## IV.

For the foregoing reasons, we affirm the Superior Court's decision granting summary judgment in favor of the District.

*So ordered.*

---

[23] *Double H Hous. Corp. v. Big Wash, Inc.*, 799 A.2d 1195, 1199 (D.C. 2002) (quoting *Farmers & Merchs. Bank of Monroe v. Fed. Reserve Bank of Richmond*, 262 U.S. 649, 660 (1923)).