# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Rudy v. People*, 2013 IL App (1st) 113449

---

| | |
|---|---|
| Appellate Court Caption | SHARON RUDY, Administrator with the Will Annexed of the Estate of Elizabeth Ehlert, Deceased, Petitioner-Appellant, v. THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-3449 |
| Filed | January 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The petition for a certificate of innocence filed by deceased defendant's estate in order to pursue damages in the Court of Claims for defendant's alleged wrongful conviction and subsequent incarceration for the murder of her newborn child was properly dismissed, since the right to a certificate of innocence is available only to the person wrongfully convicted, not to one acting on her behalf, and, furthermore, the Illinois Supreme Court opinion affirming the reversal of defendant's conviction did not find defendant innocent but, rather, stated that the evidence of defendant's guilt was "insufficient." |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 91-CR-37801; the Hon. Dennis J. Porter, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael B. Bolan, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HALL delivered the judgment of the court, with opinion.

Presiding Justice Lampkin and Justice Reyes concurred in the judgment and opinion.

## OPINION

¶ 1       Following a jury trial, defendant Elizabeth Ehlert was convicted of first-degree murder of her newborn infant girl and sentenced to 58 years' imprisonment. Defendant's conviction was reversed on direct appeal. The appellate court determined that the trial court committed reversible error in admitting irrelevant and prejudicial evidence that defendant had two prior abortions. *People v. Ehlert*, 274 Ill. App. 3d 1026, 1034 (1995). Following a bench trial on remand, defendant was again convicted of first-degree murder and sentenced to 30 years' imprisonment.

¶ 2       Defendant appealed her conviction and this time the conviction was overturned on the ground that the evidence was insufficient to show that the infant had been born alive. *People v. Ehlert*, 335 Ill. App. 3d 467, 474 (2002). The Illinois Supreme Court subsequently granted the State's petition for leave to appeal.

¶ 3       A divided Illinois Supreme Court affirmed the appellate court's decision, but on grounds different than those relied upon by the appellate court. *People v. Ehlert*, 211 Ill. 2d 192 (2004). The supreme court determined that even assuming the infant had been born alive, the evidence, taken in a light most favorable to the State, was insufficient to prove beyond a reasonable doubt an essential element of murder, that the baby's death resulted from defendant's criminal agency.[1] *Ehlert*, 211 Ill. 2d at 209-10. The court noted, however, that its ruling did not imply that defendant was innocent of the crime charged, but only that the State's "evidence of criminal agency resulting in death was simply insufficient." *Id.* at 215.

¶ 4       Defendant died of cancer on June 20, 2005. Her will was filed in Winnebago County, where probate is currently pending. Several prospective executors of defendant's estate were

---

[1]"The elements of murder which must be established are: The proof of death and the proof of a criminal agency causing death. Both of these elements must be established by evidence beyond a reasonable doubt. After these elements, termed in law the *corpus delicti*, have been proved, then the law requires that the evidence establish beyond a reasonable doubt that the defendant was the criminal agency or put in motion the criminal agency which caused the death of the victim." *People v. Wilson*, 400 Ill. 461, 480 (1948).

either unable or unwilling to serve as executor. It was determined that the primary asset of the estate was a cause of action for wrongful incarceration. The probate court of Winnebago County appointed Sharon Rudy as administrator of the estate with will annexed, in an effort to recover funds the county had expended for defendant's medical needs following her release from prison.

¶ 5    Sharon Rudy filed a petition in Cook County circuit court seeking to obtain a certificate of innocence in order for defendant's estate to pursue a claim for damages in the Court of Claims for defendant's alleged wrongful conviction and imprisonment pursuant to section 2-702 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-702 (West 2008)).

¶ 6    The trial court denied the petition, and thereafter, denied a motion to reconsider. Sharon Rudy now appeals on behalf of defendant's estate. For the reasons that follow, we affirm.

¶ 7                                  ANALYSIS

¶ 8    Section 2-702(b) of the Code provides that "[a]ny person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he or she did not commit may, under the conditions hereinafter provided, file a petition for certificate of innocence in the circuit court of the county in which the person was convicted. The petition shall request a certificate of innocence finding that the petitioner was innocent of all offenses for which he or she was incarcerated." 735 ILCS 5/2-702(b) (West 2008).

¶ 9    In order to obtain a certificate of innocence under section 2-702 of the Code, a petitioner must prove by a preponderance of the evidence that:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; ***;

(3) the petitioner is innocent of the offenses charged in the indictment or information ***; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2008).

See also *People v. Fields*, 2011 IL App (1st) 100169, ¶ 13.

¶ 10   "If the court finds that the petitioner is entitled to a judgment, it shall enter a certificate of innocence finding that the petitioner was innocent of all offenses for which he or she was incarcerated." 735 ILCS 5/2-702(h) (West 2008). A person who secures a certificate of innocence may file a petition in the state's Court of Claims seeking compensation. *Rodriguez v. Cook County, Illinois*, 664 F.3d 627, 630 (7th Cir. 2011) (citing 735 ILCS 5/2-702(a) (West 2008)); see also *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993) ("[a] certificate of innocence serves no purpose other than to permit its bearer to sue the government for damages").

¶ 11 Whether or not a petitioner is entitled to a certificate of innocence is generally committed to the sound discretion of the court. See *Betts*, 10 F.3d at 1283. Here, however, our inquiry centers on the legal question of whether a deceased defendant's estate is entitled to a certificate of innocence under section 2-702 of the Code. Accordingly, our review is *de novo*. Moreover, the interpretation and application of a statute is a matter of law also subject to *de novo* review. *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 74 (2002).

¶ 12 The fundamental rule of statutory interpretation is to ascertain and effectuate the legislature's intent. *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (2007). The best indicator of legislative intent is the statutory language itself, and if that language is clear and unambiguous, it must be given effect. *Beelman Trucking v. Illinois Workers' Compensation Comm'n*, 233 Ill. 2d 364, 370 (2009).

¶ 13 Our review of the plain language of section 2-702(g) of the Code leads us to conclude the legislature intended the remedies set forth in this section, allowing a petitioner to obtain a certificate of innocence, should be personal to the individual who was wrongly convicted rather than to one suing on his or her behalf. See, *e.g.*, *Diamen v. United States*, 604 F.3d 653, 656-57 (D.C. Cir. 2010) (deceased defendant's innocence was never adjudicated in *habeas* proceeding, and therefore his estate was not entitled to obtain a certificate of innocence in order to pursue a damages claim, notwithstanding that defendant might well have obtained such a certificate himself if he were still living). Accordingly, we find that defendant's estate was not entitled to obtain a certificate of innocence to pursue a claim for damages, notwithstanding that defendant might well have obtained such a certificate herself were she still living.

¶ 14 Finally, we find that the estate's petition for a certificate of innocence was also properly denied where it was based upon language the Illinois Supreme Court used in affirming the judgment of the appellate court reversing defendant's conviction for murder. In its opinion, the supreme court noted that its ruling did not imply that defendant was innocent of the crime charged, but only that the State's "evidence of criminal agency resulting in death was simply insufficient." *Ehlert*, 211 Ill. 2d at 215.

¶ 15 These are not the statements of a court finding someone "actually innocent." Our court has determined that the "plain language of section 2-702 shows the legislature's intent to distinguish between a finding of not guilty at retrial and actual innocence of the charged offenses." *Fields*, 2011 IL App (1st) 100169, ¶ 19. In sum, we find the trial court properly dismissed the deceased defendant's estate's petition for a certificate of innocence.

¶ 16 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 17 Affirmed.