NOTICE
Decision filed 01/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240542-U

NO. 5-24-0542

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 16-CF-1055 |
| | ) | |
| KELVIN T. HARTFIELD, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Cates and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying the defendant's petition for a certificate of innocence. Defendant was not entitled to a certificate of innocence where he failed to establish that he was innocent of the offenses with which he was charged.

¶ 2    Defendant, Kelvin T. Hartfield, appeals from the Champaign County circuit court's denial of his motion to reconsider the denial of his petition for a certificate of innocence, arguing that the circuit court erred in ruling that he failed to establish actual innocence pursuant to section 2-702(g)(3) of the Code of Civil Procedure (Code) (735 ILCS 5/2-702(g)(3) (West 2024)). For the reasons explained below, we affirm the judgment of the circuit court.

¶ 3                                I. BACKGROUND

¶ 4    On July 27, 2016, defendant was charged by information with one count of armed robbery and one count of attempted first degree murder. The State later added four charges of aggravated

1

discharge of a firearm. Following a jury trial, defendant was convicted of armed robbery and four counts of aggravated discharge of a firearm and was sentenced to 90 years' imprisonment. Three of the four aggravated discharge convictions were vacated on direct appeal, while the remaining two convictions were affirmed. *People v. Hartfield*, 2020 IL App (4th) 170787, ¶ 94. On appeal of this decision, our supreme court reversed defendant's convictions due to erroneous and contradictory jury instructions and remanded the matter for a new trial. *People v. Hartfield*, 2022 IL 126729, ¶ 96.

¶ 5 Following remand, defendant filed a motion to dismiss, alleging a speedy trial violation. Before the motion could be heard, the State moved to dismiss all charges against defendant, citing an inability to reconstitute necessary witnesses. The circuit court dismissed the case and authorized defendant's release on November 4, 2022. On January 24, 2024, defendant filed a *pro se* petition for a certificate of innocence. In his petition, he argued, *inter alia*, that (1) the State dismissed all charges against him; (2) due to "unreliable witnesses and their inconsistent statements," he would have prevailed at trial; (3) the police officers involved in his arrest failed to comply with the Illinois body camera statute; (4) a firearm was admitted into evidence against him despite no proof of its connection to him or the crime, even after forensic testing; and (5) after being found guilty, defendant "found out a lot" that he did not know before trial, and if he went to trial with what he knew now, "a lot of the evidence" against him would have been inadmissible. The State chose not to intervene, and defendant did not request an evidentiary hearing.

¶ 6 The circuit court did not hold a hearing on defendant's petition, and entered a written order on March 11, 2024, denying his request. In its order, the court wrote that it was "clear" that defendant could establish three of the four necessary statutory elements pursuant to section 2-702 of the Code (735 ILCS 5/2-702 (West 2024)). He was convicted and served part of a sentence, the

judgment of the conviction was reversed, and his own conduct did not voluntarily bring about his own conviction. See *id.* § 2-702(g)(1), (2), (4). However, the circuit court held that defendant could not prove by a preponderance of the evidence that he was innocent of the charged offenses. The court noted that a defendant's actual innocence is not the same as the State lacking sufficient evidence to convict, and thus the fact that the State dismissed the charges—whether because it could not locate the witnesses after so much time had passed or because of defendant's speedy trial allegation—the dismissal alone was insufficient to establish actual innocence.

¶ 7    The circuit court explained that there was no claim raised on appeal that the evidence was insufficient to convict. Furthermore, defendant did not argue in his petition that he was actually innocent of the charges—he only alleged that if he were retried, he would not be found guilty. Addressing the three reasons defendant raised, the court stated that none of these allegations, individually or collectively, established his actual innocence by a preponderance of the evidence. First, the jury knew of the inconsistencies in witness testimony, as the appellate court outlined in its decision on direct appeal. Second, defendant admitted in his petition that the officers' noncompliance with the body camera statute was accidental, and he did not identify how such violation would affect a finding of guilt. Third, the lack of evidence linking the firearm to defendant was known to the jury, and defendant again failed to allege the effect this would have on the verdict.

¶ 8    By contrast, the circuit court summarized the evidence against defendant that was presented at trial, concluding that while no one specifically identified defendant as the shooter, there was strong circumstantial evidence of his guilt. Thus, the court denied his petition for a certificate of innocence.

¶ 9    Defendant filed a motion to reconsider on March 28, 2024. He argued that the circuit court should not have brought up evidence from the record because the State chose not to intervene in his petition and did not dispute his claims. He also added two additional challenges to specific evidence introduced at trial—a carton of cigarettes bearing his fingerprints and text messages recovered from his phone. Lastly, he claimed that he was innocent of all charges and argued that his innocence was the reason the State lacked sufficient evidence to convict him. On April 2, 2024, the circuit court denied defendant's motion to reconsider, writing that its prior ruling on his petition was proper and that defendant raised no valid arguments for reconsideration. This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11    The decision whether to grant or deny a petition for a certificate of innocence is at the discretion of the circuit court. See 735 ILCS 5/2-702(a) (West 2024). There is a split in authority on whether the appropriate standard of review is "abuse of discretion" or "manifest weight of the evidence." See *People v. Washington*, 2023 IL 127952, ¶ 47 (recognizing the split); see also *People v. Terrell*, 2022 IL App (1st) 192184, ¶ 51 (discussing recent disagreement within the First District as to whether the "manifest weight of the evidence" or "abuse of discretion" standard is more applicable but noting that both are deferential standards of review). This applies even where, as here, the circuit court did not hold an evidentiary hearing on the petition. See *People v. Pursley*, 2022 IL App (2d) 210558, ¶¶ 57-58 (holding that *de novo* review did not apply on appeal from the denial of a certificate of innocence where the circuit court only held a nonevidentiary hearing). We need not decide which standard of review applies, because under either standard, we find defendant was not entitled to a certificate of innocence. See *Washington*, 2023 IL 127952, ¶ 47.

4

¶ 12    The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to a certificate of innocence. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 44. Section 2-702(g) of the Code lists the requirements the petitioner must show:

> "(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;
>
> (2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;
>
> (3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and
>
> (4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2024).

Each element of this section must be satisfied for the petitioner to meet his burden of proof. *People v. Moore*, 2020 IL App (1st) 190435, ¶ 21.

¶ 13    Defendant contends that the circuit court erred in denying his petition because he established by a preponderance of the evidence that he is innocent of all charges for which he was imprisoned, and he argues that the circuit court should not have considered any evidence against him because the State did not intervene in his petition and thus did not present any evidence against him for the court to consider. He cites to *People v. Hood*, 2021 IL App (1st) 162964, in support of this argument. He further contends that the certificate of innocence proceeding was an uncontested civil proceeding, and the circuit court should have ruled in his favor based on defendant's *prima facie* showing that he was entitled to relief.

¶ 14    As in the present matter, *Hood* involved an appeal from the denial of a certificate of innocence where the State did not oppose the petition, and where the circuit court found that the

5

defendant failed to establish his innocence. *Id.* ¶¶ 13, 17. The First District reversed the circuit court's judgment, ruling that the court erroneously interpreted Code section 2-702(f) to allow it to take judicial notice of sworn testimony from the defendant's criminal trial in reaching its decision because the testimony was not offered as evidence in the certificate of innocence proceeding. *Id.* ¶ 32. The First District explained:

> "Where, as here, there is no adverse party, the circuit court, as trier of fact, does not assume the additional role of an advocate, and section 2-702(f) does not grant the court authority to independently research the record and history of the original criminal proceedings to inform and influence its judgment in the certificate of innocence proceeding. Otherwise, allowing the circuit court to do its own independent research creates an inherent tension and conflict with the circuit court's role as an independent, disinterested fact finder." *Id.*

The court further determined that, since section 2-702 did not contain specific instructions for a nonadversarial proceeding in which the State did not offer any evidence relevant to the petitioner's burden of proof, "[i]n this circumstance, the petitioner need only establish a *prima facie* case for relief because there is no contrary evidence to rebut the well-pleaded petition." *Id.* ¶ 31; see also *Washington*, 2023 IL 127952, ¶ 53 (favorably discussing *Hood*'s holding that the lower court erred in ignoring defendant's uncontested testimony at the certificate of innocence hearing).

¶ 15    On appeal, the State concedes that one of the defendant's arguments has merit. Specifically, his point, relying on *Hood*, that the circuit court should not have weighed it against the defendant's pleadings. We agree. However, as the State also notes, we may nonetheless affirm the circuit court's judgment if it arrived at a proper result despite erroneous reasoning. See *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21 (stating that we may affirm the trial court "for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound" (internal quotation marks omitted)).

¶ 16    In its order denying defendant's petition, the circuit court summarized the evidence presented against him at trial. This included: statements made by defendant that circumstantially

placed him at the scene of the robbery as an active participant, including texts he sent regarding offering to sell cigarettes and cigars; several packs of cigarettes and cigars bearing defendant's fingerprints, which police retrieved from a vehicle that also bore his fingerprints; a firearm that was introduced into evidence but not tested for DNA or fingerprints; and witness statements that placed defendant at the scene of the robbery. To the extent that defendant presented any of this evidence to the court in his petition, he alleged that the firearm was admitted into evidence at trial, but that it underwent no forensic testing and the State "basically admitted" at closing argument that it was unknown whether the weapon was even used in the robbery. Defendant referenced the packs of cigarettes and cigars, contending that they were not stolen, and the text messages he sent only in his motion to reconsider.

¶ 17 Disregarding the circuit court's judicial notice of the State's case at trial, the remainder of the court's reasoning in ruling that defendant failed to show innocence was that none of the facts defendant pled in his petition, individually or collectively, established by a preponderance of the evidence that he was innocent of the charges against him. Defendant argued that the witnesses who testified at trial were unreliable and provided inconsistent testimony, to which the circuit court responded that this was known to the jury,[1] and the jury nonetheless found him guilty. Next, defendant argued that the police officers did not comply with the Illinois body camera statute, and the court stated that defendant did not allege how this affected the jury's finding of guilt.[2] Lastly,

---

[1]We also note that defendant did not identify any specific witnesses or pieces of testimony in making this assertion.

[2]Indeed, two officers acknowledged in their trial testimony that they had not activated their body cameras because of the speed at which events transpired.

regarding the firearm, the court noted that the jury was also aware that it was not tested for any link to defendant.[3]

¶ 18    Limiting our review to defendant's pleadings, we find that defendant did not make a *prima facie* showing that he satisfied Code section 2-702(g)(3). Furthermore, regardless of how the circuit court arrived at its conclusion, we agree with that conclusion. While the circuit court could not undertake its own investigation, it was authorized to take notice of the fact that the jury rendered its finding of guilt with the knowledge that the firearm was not proven to be connected to defendant, and that the witnesses gave inconsistent testimony. See *Washington*, 2023 IL 127952, ¶ 53 (explaining that "the trial court was entitled to take judicial notice of the factual assertions presented in the transcripts from the underlying proceedings, for example, the fact that defendant testified," but could not make credibility findings based on those assertions). And while defendant emphasizes that the State did not oppose his petition and presented no evidence that the circuit court could consider against him in ruling on his petition, we note that this does not excuse defendant of satisfying his burden of proof on each element required under section 2-702(g).

¶ 19    Defendant also argues that the circuit court should not have required him to show "actual innocence," as that is not the statutory language. However, our courts have repeatedly noted the distinction " 'between a finding of not guilty at retrial and actual innocence of the charged offenses.' " *Hood*, 2021 IL App (1st) 162964, ¶ 26 (quoting *People v. Fields*, 2011 IL App (1st) 100169, ¶ 19); see also *Rudy v. People*, 2013 IL App (1st) 113449, ¶ 15; *People v. Pollock*, 2014 IL App (3d) 120773, ¶ 37 (noting the "legislature's intent to distinguish between a finding of not guilty at retrial and actual innocence of the charged offenses" (internal quotation marks omitted)).

---

[3]In addition to hearing that there was no direct proof tying the firearm to defendant, the jury heard of the weapon's alleged relevance based on where and when it was found in relation to the incident and defendant's likely path of flight from the police.

Therefore, the circuit court did not use an improperly strict standard in finding that defendant failed to establish actual innocence. See also *Hood*, 2021 IL App (1st) 162964, ¶ 27 (finding the argument over the use of the phrase "actual innocence" to be a "semantic distraction" and emphasizing that the Code "requires the petitioner to prove by a preponderance of the evidence that he or she did not commit the charged offense or offenses").

¶ 20    In support of his request for a certificate of innocence, defendant offered, at most, alternative findings that the jury could have made at trial to possibly find him not guilty. The jury could have found that defendant's fingerprints on the packs of cigarettes and cigars, coupled with his text messages and statements about his intent to sell them, did not evince his connection to the crimes charged. The jury also could have found that the witnesses who testified against him were not credible, or that there was insufficient evidence tying him to the robbery because the State could not show any connection between him and the firearm submitted into evidence. None of this amounts to a *prima facie* showing that defendant was innocent of the offenses charged, particularly where, as the circuit court noted, defendant provides no reason why the jury would find any differently than it previously had when presented with the same evidence, and where the sufficiency of that evidence was never challenged.

¶ 21    Furthermore, the circuit court also noted in its order that defendant never claimed in his petition that he was innocent—only that he would be found not guilty if retried. As we have explained, this is insufficient to entitle him to a certificate of innocence under Code section 2-702. In this significant way, the present matter is distinguishable from *Hood*. In that case, the defendant testified in support of his petition that he did not commit the charged offenses—specifically, that he did not rob or kill the victim—and the State presented no evidence contrary to that testimony. *Id.* ¶¶ 42-43. Here, defendant only claimed to be innocent in his motion to reconsider, at which

point he had forfeited the argument. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36.

¶ 22    To summarize, even when we review defendant's petition for a *prima facie* claim of innocence, rather than applying the preponderance of the evidence standard normally used in adversarial certificate of innocence proceedings, defendant failed to meet his burden of proof on this point. Therefore, the circuit court properly denied his petition.

¶ 23    Defendant next argues that he was improperly denied a hearing on his petition and further alleges that he requested that a hearing take place. As the circuit court explained, defendant was not statutorily entitled to an evidentiary hearing on his petition for a certificate of innocence. *People v. Gomez*, 2021 IL App (1st) 192020, ¶ 63. Additionally, there is no indication in the record on appeal that defendant requested a hearing at any time. He did not make such request in his petition, nor in any separate filing. After filing his petition on January 24, 2024, defendant filed a letter to the circuit court on March 6, 2024, to inform the court that his address had changed because he had been transferred to a different facility. In that filing, he wrote, "I don't believe the State[ ] *** had a chance to intervene on my petition for certificate of innocence. If this is the case[,] I would like to request a hearing if this court is not gone [*sic*] issue my certificate of innocence." The State did not intervene, and thus, as per defendant's request, the circuit court did not hold a hearing.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated above, the circuit court did not err in denying defendant's petition for a certificate of innocence. The judgment of the circuit court is affirmed.


¶ 26    Affirmed.