2026 IL App (1st) 241387-U

FOURTH DIVISION
Order filed: January 22, 2026

No. 1-24-1387

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 97 C 44081401 |
| CORIS ASHFORD, | ) ) | Honorable Geary Kull, |
| Petitioner-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly granted the State's motion to dismiss petitioner's petition for a certificate of innocence, as the petition was untimely under section 2-702(i) of the Code of Civil Procedure since it was filed more than two years after petitioner's criminal case was dismissed.

¶ 2    Petitioner Coris Ashford appeals, *pro se,* from the order of the circuit court of Cook County dismissing his petition for a certificate of innocence filed under section 2-702 of the Code of Civil Procedure. 735 ILCS 5/2-702 (West 2024). For the following reasons, we affirm.

¶ 3 While the record contains minimal information about petitioner's underlying criminal case, the following background is largely uncontested. Petitioner was charged in case 97 C 44081401 with a single count of unlawful possession of a weapon. He was convicted and served a sentence of imprisonment. The statute under which petitioner was charged was later held to be unconstitutional by our supreme court in *People v. Aguilar*, 2013 IL 112116, and its progeny. On July 20, 2021, the circuit court vacated petitioner's conviction. On November 18, 2021, the circuit court granted petitioner's request to expunge his conviction. The order states that, within 60 days of receiving the order, "[t]he Illinois State Police must expunge or impound these records as required by law."

¶ 4 On January 26, 2024, petitioner filed a petition for a certificate of innocence. The State filed a motion to dismiss the petition pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2024)), arguing that the petition was untimely since it was filed more than two years after the dismissal or vacatur of the charges and therefore, did not meet the requirements of section 2-702(i). 735 ILCS 5/2-702(i) (West 2024).

¶ 5 Petitioner filed a response to the motion to dismiss, arguing that his petition was timely because the Illinois State Police ("ISP") did not expunge his conviction from their records until August 4, 2022, despite the requirement in the circuit court's order to do so within 60 days. He argued that since he filed his petition within two years of the date that the record of his conviction was expunged by ISP, it was timely. He included a document showing that ISP denied his application for a Firearm Owners Identification Card on July 25, 2022, stating that he was ineligible due to a prior felony conviction. He also included records from ISP stating the "decision date" that his conviction was expunged was August 4, 2022.

¶ 6     The circuit court heard arguments on the State's motion to dismiss and issued an oral ruling dismissing the petition. The court found that the petition was untimely since it was filed more than two years after petitioner's conviction was vacated and expunged by the circuit court, even if it was less than two years after ISP expunged the conviction from its records. This appeal follows.

¶ 7     On appeal, petitioner argues that the circuit court erred when it dismissed his petition as untimely. He argues that he filed his petition within two years of when his criminal charges were effectively dismissed, which, he asserts, is when ISP expunged the record of his conviction on August 4, 2022. The State argues that the petition was properly dismissed as untimely because it was filed more than two years after the circuit court's orders vacating and expunging petitioner's conviction.

¶ 8     Section 2-702 of the Code of Civil Procedure allows for a person who is convicted and imprisoned for an offense they did not commit to file a petition for a certificate of innocence. 735 ILCS 5/2-702(b) (West 2024). This includes convictions that are vacated due to the statute being found unconstitutional. 735 ILCS 5/2-702(c)(2) (West 2024). Ordinarily, the determination of whether a petitioner is entitled to a certificate of innocence is reviewed for an abuse of discretion. *Rudy v. People*, 2013 IL App (1st) 113449, ¶ 11. However, since the circuit court granted the State's motion to dismiss the petition pursuant to section 2-619 of the Code of Civil Procedure, our standard of review is *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24; *People v. Chatmon*, 2025 IL App (4th) 241481-U, ¶ 19.

¶ 9     Section 2-702(i) provides the following time limitation for the filing of a petition for a certificate of innocence:

> "Any person seeking a certificate of innocence under this Section based on the
> dismissal of an indictment or information or acquittal that occurred before the

effective date of this amendatory Act of the 95th General Assembly shall file his or her petition within 2 years after the effective date of this amendatory Act of the 95th General Assembly. Any person seeking a certificate of innocence under this Section based on the dismissal of an indictment or information or acquittal that occurred on or after the effective date of this amendatory Act of the 95th General Assembly shall file his or her petition within 2 years after the dismissal."

735 ILCS 5/2-702(i) (West 2024).

¶ 10     Since petitioner's conviction was vacated after the statute's effective date of September 22, 2008, the relevant issue is whether he filed his petition within two years of "the dismissal of [the] indictment or information or acquittal." *Id.*; *Chatmon*, 2025 IL App (4th) 241481-U, ¶ 23. Petitioner argues that the dismissal was not effective until ISP expunged his conviction from their records on August 4, 2022. However, when a statute is clear and unambiguous, we are not free to depart from its plain language and meaning by reading into it exceptions, limitations, or conditions that the legislature did not express. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). Based on its plain language, section 2-702(i) refers only to the dismissal of the "indictment or information" or an acquittal in the criminal case and not the date that the related criminal record is expunged. See *Chatmon*, 2025 IL App (4th) 241481-U, ¶ 25 (two-year period to file petition for certificate of innocence runs from date of acquittal or dismissal of indictment, rather than from the date the petitioner sought to expunge the record). Therefore, we reject petitioner's argument that the date when ISP expunged the record of his conviction is the date his criminal case was "dismissed" under section 2-702(i).

¶ 11     The date of the dismissal of petitioner's criminal case is not in the record, but it must have occurred before the circuit court's order on November 18, 2021 expunging the conviction, since petitioner's conviction could not have been expunged unless it had been vacated or dismissed. See 20 ILCS 2630/5.2(b)(1) (West 2024) (allowing expungement when the petitioner is acquitted, the

charges are dismissed, or a conviction is "vacated or reversed"). The State argues that the circuit court's order vacating petitioner's conviction on July 20, 2021 marks the date that petitioner's case was dismissed, since because the statute under which petitioner was convicted was deemed void *ab initio*, it could not have prosecuted petitioner again and the case was effectively dismissed. See *People v. Holmes*, 2017 IL 120407, ¶ 12 ("The law is clear that a defendant cannot be prosecuted under a statute that is void *ab initio*.").

¶ 12    We need not decide on which date petitioner's criminal case was "dismissed" for purposes of section 2-702(i), because his petition was untimely based on either date. Petitioner filed his petition for a certificate of innocence on January 26, 2024, more than two years after either July 20, 2021 or November 18, 2021. Since he was required to file the petition within two years of the dismissal of his criminal case, his petition was untimely. 735 ILCS 5/2-702(i) (West 2024); *Chatmon*, 2025 IL App (4th) 241481-U, ¶ 25. Therefore, the circuit court properly granted the State's motion to dismiss.

¶ 13    For the foregoing reasons, we affirm the order of the circuit court.

¶ 14    Affirmed.